## E. M. SHIPMAN *v.* PHILIP FULCROD.

1. EVIDENCE. Every part of a written contract upon which suit is brought is material to its identity, and a variance in any respect between the instruments described in the petition and that offered in evidence, will be fatal.
2. Repeated decisions of this court have established the doctrine that it is error to exclude a written instrument as evidence merely because revenue stamps had not been affixed.

APPEAL from Goliad.     Tried below before the Hon. D. D. Claiborne.

*W. L. Davidson,* for appellant.

REEVES, J.    The note declared on by the plaintiff as his cause of action in his petition, is described as a note executed by S. W. Walker and E. M. Shipman.    The note is set out in the petition *in hæc verba.*

The note produced on the trial, and read as evidence, was signed by S. P. Walker and E. M. Shipman, as makers.

On the trial, the defendant and appellant, Shipman, objected to the introduction of the last-mentioned note in evidence:

*First.* Because it did not have a revenue stamp upon it; and

*Second.* Because it was not the note sued upon and described in the petition, and stating, in a bill of exception taken by him to the ruling of the court, that he had a good and valid defense to the note signed by S. P. Walker and E. M. Shipman, that S. P. Walker and S. W. Walker were two different men, and that the notes were not the same, but different instruments.

The court overruled the objections, and rendered a judgment against appellant, Shipman, for the amount of the note offered in evidence, the plaintiff having dismissed his suit as to Walker.

The only difference between the note produced on the trial and the copy set out in the petition, is in the middle letter in Walker's name, the first written "P.," and the other "W."

The court overruled the objection of defendant to the admission of the note as evidence, stating, as the reason for his ruling:

*First.* That the absence of a revenue stamp did not destroy the evidence of the indebtedness as shown by the note, in the courts in this State. And in this ruling we think there was no error. (Gregg & Co. *v.* Fitzhugh, 36 Texas, 128; May *v.* Rutledge *et al.*, 37 Texas, 134.)

*Second.* That the middle letter in Walker's name was not material.

It is a well-settled rule of pleading that the facts constituting the cause of action must be set forth with substantial accuracy. In Gammage *v.* Alexander, 14 Texas, 418, it is said to be a rule of pleading, as old as the science itself, that a contract, when sued upon, must be correctly stated, and if the evidence differ from the statement, the variance is fatal to the action. (Roseborough *v.* Gorman, 6 Texas, 314; Meims *v.* Mitchell, 1 Texas, 443; Hall & Jones *v.* Jackson, 3 Texas, 305.)

It is equally well settled that allegations which are descriptive of the identity of the writing set forth, such as names, sums, magnitude, dates, durations, terms, and the like, must, in general, be precisely proved. (1 Greenleaf's Evidence, 58; 1 Starkie's Evidence, 332, 373, 374.)

The first step, says Greenleaf, in his work on Evidence, on the side of the plaintiff, is the production of the document itself, and the bill or note produced must conform, in all respects, to the instrument described in the declaration; for every part of a written contract is material to its identity, and a variance will be fatal. (2 Greenleaf's Evidence, 11, 155, 160; 1 Id., 58.)

The objection to the note produced on the trial, on the ground of the variance between it and the note set out in the petition, we think should have been sustained; and, for error in admitting the note and judgment thereon for plaintiff, the judgment is reversed and the cause remanded.

Reversed and remanded.