### H. HILL v. F. N. TUCKER.

(No. 1590, Op. Book No. 2, p. 554.)

APPEAL from Dallas County. Opinion by WATTS, J.

§ **1224.** *Variance between allegation and proof.* Appellee sued appellant for damages for breach of a contract in failing to deliver to appellee one hundred and eighty bales of cotton. Appellant set forth the contract in his petition, and alleged that it was in writing, but the written contract was not described. On the trial appellant read in evidence, over the objections of the appellee, a writing variant from the contract alleged in the petition. Verdict and judgment for appellee for his damages. *Held*, as no writing was set up and described in the petition, the doctrine of variance did not apply. The variance must be between the instrument as described in the petition and that offered in evidence. [Shipman v. Fulcrod, 42 Tex. 248.] The only objection that could be properly made in such case would be that the instrument offered is irrelevant, but in this case this objection was not tenable, because the writing read in evidence was relevant.

§ **1225.** *Contract; when breach of, is complete, cause of action accrues; subsequent offer to perform is no defense to action for breach of.* The cotton was to have been delivered under the contract on the 25th of February. Appellee, on the evening of that day, called upon appellant for the cotton, and was told by him that he had sold it to other parties, and could not and did not deliver it. On the next morning appellant proposed to deliver the cotton to appellee. *Held*, appellant could not reinvigorate and give life to his broken agreement, by proposing to deliver the cotton on a day subsequent to that fixed by the agreement. Having theretofore declined and refused to deliver on the day agreed upon, this refusal wrought a breach of the contract, and his subsequent offer to perform the contract was no defense to plaintiff's action.

October 3, 1881.                                    Affirmed.