## McCONNELL v. PAYNE & WINFREY.
(No. 1776.)

(Court of Civil Appeals of Texas. Amarillo. March 16, 1921.)

1. Contracts ⬤⟿346(1)—Party must recover upon contract pleaded.

It is elemental that one suing upon a contract must recover upon the contract alleged, and, if he proves a contract essentially different, the variance is fatal.

2. Brokers ⬤⟿82(4)—Proof that property was to be sold on terms different from that alleged, fatal variance.

Where brokers alleged that they were employed to procure a purchaser for real property for $6,000, $2,000 in cash, the balance on time, and the jury found that the property was listed at $6,000, $3,000 in cash, and the balance on time, the variance between the pleading and proof was fatal, for the terms on which the property was to be sold were a material part of the contract.

3. Contracts ⬤⟿346(10)—Variance as to description fatal only if tending to mislead.

Where the variance between pleading and proof of a contract amounted merely to a misdescription, it is fatal only if the misdescription tends to mislead and surprise the adverse party.

4. Pleading ⬤⟿430(2)—Variance amounting to misdescription must be objected to or is waived.

Where the variance between pleading and proof of a contract amounted merely to a misdescription, the failure to object to the introduction of evidence will preclude objection on the ground of variance to the charge of the court or to the judgment.

5. Appeal and error ⬤⟿719(4)—Variance fundamental error reviewable without assignment.

A variance between the pleading and proof of the terms of a contract for the sale of realty by brokers is fundamental error, and though the assignment complaining thereof was not properly incorporated in the record, it will be considered.

Appeal from Wichita County Court; J. P. Jones, Judge.

Action by Payne & Winfrey against W. R. McConnell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Hunter & Scott, of Wichita Falls, for appellant.

Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

BOYCE, J. The appellees, Payne & Winfrey, brought this suit to recover commissions alleged to have been earned on a contract of enlistment of land for sale. They allege that they were employed by the defendant to procure a purchaser for the property for the sum of $6,000, $2,000 cash and balance in one, two, three, and four years, for which service the defendant agreed to pay them a commission of 5 per cent. They also allege that they had produced a purchaser who was willing and able to purchase on said terms, but the defendant refused to sell to him. The jury found that the defendant listed the land with the plaintiffs for sale at a price of $6,000, $3,000 cash and balance in one, two, and three years, and that the plaintiffs procured a purchaser ready and able to buy on such terms. On this finding judgment was entered for the plaintiffs.

[1-4] The only question on this appeal is whether there is a fatal variance between the terms of the contract as alleged in the petition and that found by the jury to have been made, and which was the basis of the judgment. "It is elementary that one suing upon a contract must recover upon the contract alleged, or not at all. If he proves a contract essentially different from that alleged, he must fail." Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 39; Western Union Telegraph Co. v. Smith, 88 Tex. 9, 28 S. W. 931, 30 S. W. 550; Mason v. Kleberg, 4 Tex. 85; Brown v. Martin, 19 Tex. 346; Western Union Telegraph Co. v. Byrd, 34 Tex. Civ. App. 594, 79 S. W. 40. The terms upon which the property was to be sold was a material part of the contract. The contract proven was therefore materially different from the one pleaded. The case comes within the rule stated in the authorities cited. Mason v. Kleberg, supra; 13 C. J. 752, § 914. If the variance had amounted merely to a misdescription, a different rule would apply; the variance would then only be fatal "if the misdescription will tend to mislead and surprise the adverse party." McClelland v. Smith, 3 Tex. 210; Wiebusch v. Taylor, 64 Tex. 56. And in such case a failure to object to the introduction of the evidence would preclude objection on such ground to the charge of the court or the judgment. International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 99; Western Union Telegraph Co. v. Trice, 48 S. W. 770.

[5] The assignment raising this question was not properly incorporated in the record, but it presents fundamental error, and is therefore considered. Stuart v. Calahan, 142 S. W. 62, § 1; Holloway Seed Co. v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516; and authorities first above cited.

Reversed and remanded.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes