### BLAND v. CRUCE.    (No. 8616.)

(Court of Civil Appeals of Texas. Dallas.
Feb. 11, 1922. Rehearing Denied
March 11, 1922.)

1. **Appeal and error** �köⁿ662(2)—Recital in appeal bond does not establish fact of motion for new trial and order, if record silent thereon.

The filing of an appeal bond is an act independent of any proceeding which occurred anterior thereto before the court in the disposition of a case and recitals therein cannot be accepted to establish proceedings of motion for new trial and order thereon which the record failed to reflect.

2. **Appeal and error** ⊙281(1)—Motion for new trial necessary to appeal except on fundamental error, and in certain cases stated.

Rule 71a (145 S. W. vii) for district and county courts, requires a motion for new trial to be filed in all cases to appeal or to sue out writ of error from trial court's judgment except on fundamental error or in cases the statute does not require the motion.

3. **Appeal and error** ⊙281(1)—Court rule 71a applies where appealing party is relieved from preserving proceedings by bills of exceptions.

Rule 71a (145 S. W. vii) for district and county courts applies notwithstanding Rev. St. arts. 2061, 2062, relieving in certain cases the party appealing from preserving the proceedings by bills of exceptions.

4. **Appeal and error** ⊙281(3), 282, 293—No motion for new trial in order for temporary injunction, cases tried without jury, etc.

A motion for new trial is not required to review order for temporary injunction; cases tried without jury; judgment on special verdict under Rev. St. arts. 1990, 1991; and cases presenting fundamental error.

5. **Pleading** ⊙394—Variance amounting to misdescription fatal only when misleading.

Where the contract as established by evidence was not essentially different from the one alleged and amounted only to a misdescription, and the variance, if any, consisted of an attempt to plead the evidence relied on to establish an alleged verbal contract, it could only be fatal if tending to mislead or surprise.

6. **Appeal and error** ⊙197(3)—Variance amounting only to misdescription cannot be urged for first time on appeal.

Where no objection was made to evidence on account of alleged variance, and the variance not being such as to constitute a different cause of action, but only misdescription, it cannot be urged for the first time on appeal.

7. **Appeal and error** ⊙204(1)—Admission of testimony that would have been excluded on objection not ground for new trial.

Objections to testimony must be made when offered, and, if not, are considered waived, and, notwithstanding such evidence on objection would be excluded, its admission will not furnish ground for new trial.

8. **Contracts** ⊙346(16)—Party must recover on contract pleaded.

One suing on a contract must recover upon the contract alleged or not at all, and, if he proves a contract essentially different from that alleged, he must fail.

Error from Wood County Court; Ben F. Cathey, Judge.

Action by W. H. Cruce against W. G. Bland. From judgment for plaintiff, defendant brings error. Affirmed.

---

⊙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. D. Suiter and M. D. Carlock, both of Winnsboro, for plaintiff in error.

J. H. Beavers, of Winnsboro, for defendant in error.

VAUGHAN, J. On December 20, 1919, defendant in error instituted this suit to recover of plaintiff in error his portion of the earnings of plaintiff in error and defendant in error while associated as partners as real estate agents, defendant in error alleging that on or about the 25th of June, 1919, he and plaintiff in error entered into a mutual, valid, and binding verbal contract whereby it was agreed and understood on and from that date they were to be equally associated as partners in the real estate business; that by the terms of the agreement all gains and compensation for services rendered by either plaintiff in error or defendant in error, separately or jointly, in the selling or aiding in selling of real estate, were to be partnership funds to be equally divided between them; that after the making, and while said agreement was in full force and effect, certain services were rendered by them as partners (here follow itemized statement of the services, dates, and amounts respectively earned), whereby said partnership earned and received on account of such services $1,004.75, which sum was paid direct to plaintiff in error, the entire amount being retained by him, whereby he became and was indebted to defendant in error in the sum of $502.37½; that during the period of time covering the business transactions heretofore enumerated defendant in error and plaintiff in error were partners and equally interested in all money and property received by both or either as a profit; that said partnership association was in full force and effect when said $1,004.75 was paid as above set forth.

Plaintiff in error answered by general demurrer and special exceptions—

"(a) Wherein the plaintiff attempts to allege an oral partnership agreement because said allegations are too general and do not disclose the nature of such partnership agreement, the liability of each partner, the date of beginning, and the length of time for which said partnership was to exist; (b) to that part of the petition alleging the making of a partnership contract and services alleged to have been rendered thereafter, etc., because same is vague and indefinite in that it is not alleged what duties were to be performed by the partners," etc.

General denial and special plea denying that any partnership existed between plaintiff in error and defendant in error as alleged in defendant in error's petition.

[1] Trial before jury resulted in general verdict in favor of defendant in error for $482.37½, on which judgment for defendant in error was rendered for said sum. The record fails to disclose that a motion for new trial was filed by plaintiff in error, unless

the recitals in the appeal bond, "And whereas, on the 2d day of October, 1920, a motion theretofore filed by the said W. G. Bland praying for a new trial was overruled," can be considered as a part of the transcript of the record showing that a motion for a new trial was in fact filed and acted upon. The filing of the appeal bond is an act independent of any of the proceedings which occurred anterior thereto before the court in the disposition of the case, and cannot be accepted as establishing proceedings which the record so noticeably fails to reflect, to wit, the motion and the order of the court entered thereupon.

[2] In the condition of the record we can only assume that the recitals in the bond are erroneous, and that the transcript of the record as filed contains in fact all the proceedings had before the trial court. Rule 71a for district and county courts requires a motion for new trial to be filed in all cases in order to appeal from a judgment of the trial court, or sue out a writ of error in the cause, except on fundamental error complained of or in such cases as the statute does not require a motion for a new trial. This rule applies to both methods of bringing a case from a trial court to this court. St. Louis & S. F. Ry. Co. v. Stapp (Tex. Civ. App.) 171 S. W. 1080; El Paso Elec. Ry. Co. v. Lee (Tex. Civ. App.) 157 S. W. 748; Imperial Irrigation Co. v. McKenzie (Tex. Civ. App.) 157 S. W. 751; American Rio Grande Land & Irrigation Co. v. Mercedes Plantation Co. (Tex. Civ. App.) 155 S. W. 286.

[3] The application of this rule is not limited to any class of cases perforce of Rev. Civ. Stats. arts. 2061, 2062, as same only apply to the practice of perfecting record by bill of exception, relieving the party appealing from preserving the proceedings by bills of exception to the rulings of the court in giving, refusing, or qualifying instructions and such other rulings and actions of the court otherwise appearing of record, and do not relate to the filing of motion for new trial, same being governed by said rule 71a (145 S. W. vii).

[4] It is only in the following class of cases that the law does not require a motion for a new trial to be filed: (a) In an appeal from an order granting temporary injunction. Fort Worth Imp. District No. 1 v. City of Fort Worth, 106 Tex. 148, 158 S. W. 164. (b) When a case is tried by the court without the aid of a jury. Carver v. Greer, 107 Tex. 356, 179 S. W. 862; Rockdale Merc. Co. v. Brown Shoe Co. (Tex. Civ. App.) 184 S. W. 281. (c) In an appeal from a judgment entered on special jury verdict under articles 1990 and 1991. Varley v. Nichols-Shepard Sales Co. (Tex. Civ. App.) 191 S. W. 611; Rudasill v. Rudasill (Tex. Civ. App.) 219 S. W. 843. (d) In cases presenting fundamental error. Carver v. Greer, supra.

[5] The errors alleged to have been committed as contained in the application for writ of error are not fundamental; the nearest approach thereto being the assignment based on the alleged admission of evidence claimed not to be supported by the pleadings; in other words, asserting there was a material variance between the allegations on which defendant in error relied for recovery and the proof offered. This contention cannot be sustained, because the contract as established by the evidence was not essentially different from the one alleged, the variance, if any, consisting of an attempt to plead the evidence relied upon to establish the existence of an alleged verbal contract, which does not even amount to a misdescription, and, if it be conceded that a misdescription was thereby created, the variance could only be fatal if same had in fact tended to mislead and surprise plaintiff in error. McConnell v. Payne & Winfrey (Tex. Civ. App.) 229 S. W. 355.

[6, 7] Applying the above rule, we have reached the conclusion that such a variance did not exist between the pleadings and the proof admitted. Receiver of Kirby Lbr. Co. v. Poindexter (Tex. Civ. App.) 103 S. W. 439. Furthermore, plaintiff in error failed to object to the admission of the evidence because of the alleged variance, and the variance not being such as to constitute a different cause of action, but, at best, merely a misdescription, cannot be urged for the first time on appeal. Western Union Tel. Co. v. Trice (Tex. Civ. App.) 48 S. W. 770. This is in keeping with the general rule that objections to testimony must be made when offered and, if not, are considered waived; and, notwithstanding such evidence on proper objection should have been excluded, the admission of same will furnish no ground for a new trial. Ann Berta Lodge v. Leverton, 42 Tex. 18; Int. Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 93.

Plaintiff in error attempted to preserve whatever error there was in admitting the evidence claimed to be at variance with the allegations as to the making and existence of the alleged verbal contract by exceptions presented to the court's general charge submitting the case to the jury, and by special charge requesting the court to instruct the jury to find for plaintiff in error by reason of such variance. Plaintiff in error, having failed to object to the introduction of the evidence when offered on the ground that same constituted a variance, was precluded from objecting on such ground to the charge of the court, and was not in position to raise such question of variance through special charge as requested submitting such issue to the jury, the variance, if any in fact existed between the pleading and proof, merely amounting to a misdescription. McConnell v. Payne & Winfrey, supra.

[8] The conclusion reached by us in this instance is not in conflict with the well-recognized rule that "one suing upon a contract must recover upon the contract alleged or not at all, and, if he proves a contract essentially different from that alleged he must fail," but we do hold that this case does not come within the above rule of law.

The record does not disclose that plaintiff in error's exceptions were presented to and passed upon by the court, and we cannot supply the omission by presuming that such proceedings occurred in order to bring plaintiff in error's assignments of error based on said exceptions within rule 71a for district and county courts, and, even if we should do so, we would, in view of rule 62a for the government of Courts of Civil Appeals (149 S. W. x), hold the error harmless as not amounting "to such a denial of the rights of plaintiff in error as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case." Ætna Accident & Liability Co. v. Trustee of First Christian Church of Paris (Tex. Civ. App.) 218 S. W. 537.

In the condition of the record we cannot consider the assignments of error as contained in plaintiff in error's petition for writ of error, and, finding no fundamental error, the judgment of the court below is affirmed.

Affirmed.