**BLUM et ux. v. SAMS et ux. (No. 939.)\***

(Court of Civil Appeals of Texas. Beaumont. April 20, 1923. Rehearing Denied May 2, 1923.)

Contracts ⟪⟫346(15)—Allegation that defendant executed contract in suit held not supported by proof that joint-stock company executed contract.

.. Where plaintiff alleged as the basis for his suit a contract executed by defendant individually, but proved a contract executed by a joint-stock company, *held*, under the rule that, where suit is based on a written contract, if the contract proved is essentially different from the one alleged, recovery cannot be had, the court should have directed a verdict for defendants.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by J. E. Sams and wife against A. J. Blum and wife. Judgment for plaintiffs. Defendants' motion for new trial refused, and they appeal. Reversed and rendered.

Love, Wagner & Wagner, of Houston, for appellants.

A. B. Wilson and L. A. Kottwitz, both of Houston, for appellees.

O'QUINN, J. Sams and wife sued Blum and wife for debt to recover the sum of $500 and to establish an equitable vendor's lien on the south half of lot 8 in block 20 of the Cave addition to the city of Houston, and to foreclose said lien. They alleged that on May 14, 1919, they owned and occupied said property as their home; that defendant A. J. Blum, N. T. Lewis, ―――― Campbell, and James L. Bailey were doing business under the name and style of Feature Film & Supply Company under a trust agreement, and that same constituted a partnership; that plaintiff J. E. Sams undertook to negotiate with said Feature Film & Supply Company to enter their employment as manager of one of their shows, which defendant Blum represented to Sams would be established and of which plaintiff J. E. Sams could have the management at a substantial salary, provided he would purchase five shares of stock of the Feature Film & Supply Company at par value of $100 per share; that Blum represented to Sams that the Feature Film & Supply Company was a substantial, responsible, and reliable concern, with ample means to erect and equip picture theaters; that Sams advised Blum that before he (Sams) could enter into an agreement to purchase said shares of stock, he (Sams) would have to sell his home; that Blum then told Sams that he (Blum) desired to purchase a home, and later inspected plaintiffs' said home and agreed to purchase same for $3,500, $500 to be paid in cash and the remainder in two notes, one for $1,750 and the other for $1,-250, secured by a vendor's lien; that Sams agreed with Blum to purchase five shares of stock in the Feature Film & Supply Company and to accept said five shares of stock, they being the personal property of said Blum, in lieu of the $500 cash payment to be made on the purchase of Sam's home by Blum, provided that in the event Sams was not satisfied with the five shares of stock that Blum and his associates, constituting the Feature Film & Supply Company, would pay Sams $500 at any time after the expiration of 30 days from the date of said transaction; that said contract for the purchase of said five shares of stock was in writing and was executed by the said Feature Film & Supply Company and by the said Blum, and expressly provided that if the said Sams was dissatisfied with the purchase of said five shares of stock and so notified the said Blum and the Feature Film & Supply Company, of which said company said Blum was a member, that he, the said Blum, and the Feature Film & Supply Company would pay to Sams said sum of $500, representing the cash payment to be made upon the purchase price of Sams' home; that it was expressly understood and agreed between Sams and Blum that said five shares of stock were accepted only for a period of 30 days, and if not satisfactory to Sams, the $500 evidenced by said five shares of stock would be paid to Sams to complete the purchase price of plaintiffs' home, and that thereupon plaintiffs executed and delivered a deed conveying to defendant Blum their said home; that the written contract executed by plaintiff J. E. Sams, and defendant Blum and the Feature Film & Supply Company, among other things, contained the following provision:

"If at any time after an expiration of thirty days from the date of signing this contract, party of the second part becomes dissatisfied, party of the first part hereby binds itself to buy the said five shares of stock back and to give party of the second part as his security party of the first part's equity in said Feature Show Number Three for the sum of five hundred dollars, the amount paid for the five shares of stock."

That defendant did not establish Show No. 3 as he and his associates had promised to do, and there was no show to deliver to plaintiff J. E. Sams, and the defendant and his associates did not tender any position to the plaintiff J. E. Sams, and neither did the defendant or his associates pay or offer to pay to plaintiff said sum of $500; that on April

24, 1919, Sams paid to defendant Blum $50 earnest money on said five shares of stock, and said defendant executed to plaintiff a receipt therefor, and agreed to enter into said written contract, and said written contract was thereafter signed by plaintiff J. E. Sams, and T. D. Chambers, acting for and on behalf of defendant and the Feature Film & Supply Company, in pursuance of the original agreement that said contract would be signed, and that on May 14, 1919, plaintiffs executed to defendant Blum a deed to their said home, and on May 29, 1919, said written contract was executed; that all of said writings were executed by plaintiff, defendant Blum, and the Feature Film & Supply Company in pursuance of the original contract; that plaintiff notified defendant Blum and the Feature Film & Supply Company that he was dissatisfied with the five shares of stock, and desired defendant Blum and the 'Feature Film & Supply Company to pay him the $500 cash and to accept the said five shares of stock, which plaintiff tendered to defendant Blum and the Feature Film & Supply Company; that the Feature Film & Supply Company was a worthless, insolvent institution, without property or assets of any kind, and wholly failed and refused to give plaintiff the position as manager of the theater as promised, and was incapable of fulfilling the contract. The petition of plaintiff prayed for judgment against A. J. Blum and his wife for $500, and that a vendor's lien be established against the property described in their petition and for foreclosure of said lien, and that said property be sold to satisfy the judgment.

The defendants answered by general demurrer, general denial, and special sworn plea of denial of partnership with Lewis, Campbell, or Bailey, and specially denying that on May 14, 1919, or at any time since said date, defendant A. J. Blum was a member of or doing business under the firm name of Feature Film & Supply Company, and further denying that said defendant, A. J. Blum, was on May 14, 1919, or at any time since said date, a member of any firm, association, or partnership engaged in or doing business under any trust agreement, or otherwise, under the name of Feature Film & Supply Company, and specially denied that A. J. Blum was on May 14, 1919, or has since become in any manner liable for the acts, contracts, or obligations of said Feature Film & Supply Company, or any of the officers or members thereof, and also pleaded limitation of two years against plaintiffs' claim. By supplemental answer to plaintiffs' second amended original petition, defendants answered by general exceptions, general denial, and a sworn plea of denial of partnership and of non est factum as to the written agreement declared on in plaintiffs' petition, specially denying that the defendants, or either of them, executed or authorized the execution of the written contract with plaintiff alleged in his petition, and specially denying that T. D. Chambers executed said contract for them or in their behalf, and denying that he was authorized to act for them in the execution of any contract, and specially denying that said A. J. Blum was, on May 14, 1919, or at any time since, a partner of Lewis, Campbell, or Bailey, or either of them.

A trial was had before a jury upon special issues, and judgment rendered for appellee for $580, and establishing an equitable vendor's lien on the property described in plaintiffs' petition, and for foreclosure of said lien. Motion for a new trial was refused, and appellants have appealed.

On the trial, appellees, in proof of their allegations that defendant A. J. Blum had entered into a written contract with the plaintiff J. E. Sams, upon which said contract their suit was based, offered in evidence the following:

"Articles of agreement entered into by and between Feature Film & Supply Company and J. E. Sams, as follows:

"Articles of agreement entered into by and between Feature Film & Supply Company, a joint-stock association, doing business under the laws of the state of Texas, hereinafter known as party of the first part, ——, hereinafter known as party of the second part; witnesseth: For and in consideration of —— paid in hand by party of the second part to party of the first part, receipt of which is hereby acknowledged, party of first part hereby delivers unto party of second part, five (5) shares of stock, the par value of which is $100 per share. For the above consideration party of first part agrees to the following:

"To make party of second part manager of said Feature Show No. 3 and to pay him a salary twenty per cent. (20%) of the gross income of said Feature Show ——, through the efforts of said manager, however, should the receipts of said Feature Show be not enough to justify a minimum of $30 per week for the management of said show.

"If at any time after an expiration of thirty days from the date of signing this contract, party of second part becomes dissatisfied, party of first part hereby binds itself to buy the said 5 shares of stock back and give party of the second part as his security party of first part's equity in the said Feature Show No. 3, for the sum of five hundred dollars, the amount paid for the five (5) shares of stock.

"Party of second part hereby agrees to present himself at the offices of said Feature Film & Supply Company every morning for the purpose of receiving instructions, making full reports of the moneys taken in the preceding day and all general reports that may be designated by party of first part.

"It is distinctly understood by both parties that if party of first part becomes dissatisfied with the services of said party of second part, then party of the first part has the privilege of asking for the resignation of party of second part, and the return of the stock to the

party of the first part at the then prevailing market price per share.

"[Signed]　T. D. Chambers, Sec't & Treas.
"J. E. Sams"

to the introduction of which the defendants objected upon the following grounds:

"(1) Because there was no pleadings to authorize the admission of such contract in evidence.

"(2) Because there was a variance between the contract declared on and the one offered in evidence, in that the plaintiffs' petition alleged a contract executed by and between the plaintiff J. E. Sams, and the defendant A. J. Blum, whereas the contract offered in evidence did not purport to be signed by the defendant A. J. Blum.

"(3) Because said contract so offered in evidence was not admissible as a basis of any recovery against the defendants, because there were no pleadings to support such evidence"

all of which objections were overruled by the court, and to which action of the court appellants excepted and assign error.

Appellants' first proposition is:

"The plaintiff having declared upon a written contract alleged to have been executed by the defendant A. J. Blum, a contract between Feature Film & Supply Company and the plaintiff J. E. Sams was not admissible in support of the cause of action pleaded, because there was a material variance between the contract pleaded and the one offered in evidence."

The proposition must be sustained. In their petition, plaintiffs alleged:

"That the plaintiff J. E. Sams agreed with the defendant Blum to purchase said five shares of stock in the Feature Film & Supply Company and to accept said five shares, being the personal property of the said Blum, in lieu of the five hundred ($500) dollars cash to be paid plaintiff upon the purchase price of their home, provided, that in the event plaintiff was not satisfied with said five shares of stock in the Feature Film & Supply Company, that the said Blum and his associates constituting the Feature Film & Supply Company would pay to plaintiff the five hundred ($500) dollars within thirty days after the date of said transaction, to wit, May 14, 1919. That said contract for the purchase of said five shares is in writing and was executed by Feature Film & Supply Company and by the said A. J. Blum, and expressly provides, that if the plaintiff was dissatisfied with the purchase of said five shares, and he notified the said Blum and the Feature Film & Supply Company, of which company the said Blum was a member, that he, the said Blum and the Feature Film & Supply Company would pay to plaintiff said sum of five hundred ($500) dollars, representing the cash payment to be made upon the purchase price of plaintiffs' home."

It is thus seen that the appellees alleged as the basis of their suit a contract executed by appellant, A. J. Blum. The contract in evidence does not purport to be and was not

executed by said Blum. The rule is elementary that where a suit is based upon a written contract, if the contract proved is essentially different from the one alleged, recovery cannot be had. Shipman v. Fulcrod, 42 Tex. 248; Stewart v. Gordon, 65 Tex. 344, 347; Morris v. Kasling, 79 Tex. 145, 15 S. W. 226, 11 L. R. A. 398; Western Union Telegraph Co. v. Smith, 88 Tex. 13, 28 S. W. 931, 30 S. W. 549; Barber v. Geer, 94 Tex. 581, 63 S. W. 1007; Letot v. Edens (Tex. Civ. App.) 49 S. W. 109; McConnell v. Payne & Winfrey (Tex. Civ. App.) 229 S. W. 355.

Appellants present a number of other propositions, some of which are well taken; but in view of our holding above we do not deem it necessary to discuss them. The court should have instructed a verdict for appellants. As the case was fully developed in the trial below, and as the appellees, under their pleadings and proof, were not entitled to a judgment, we will here reverse the case and render the judgment that should have been rendered below, that appellees take nothing by their suit, and that appellants go hence without day and recover of appellees all costs.

Reversed and rendered.