**PEN O TEX OIL & LEASEHOLD CO. et al. v. FAIRCHILD et al.**

**(No. 1470.)**

(Court of Civil Appeals of Texas. El Paso. May 3, 1923. Rehearing Denied June 7, 1923.)

**I. Trial ⬅234(7)—Instruction on burden of proof held not erroneous.**

In an action for breach of contract, an instruction that the burden of proof was on plaintiff to establish the material allegations of his petition by a preponderance of the evidence, and that the burden was on defendants to establish the material allegations of their cross-action by a preponderance of the evidence, *held* not erroneous, being a correct charge on the burden of proof.

**2. Mines and minerals ⬅109 — Damages for breach of drilling contract for shut-down time caused by failure to make agreed deposit held not warranted by pleading.**

In an action by a drilling contractor for damages for breach of contract, a finding of damages for the time plaintiff shut down his operations because of the failure of defendant to deposit money as agreed to secure the payment of moneys due as the work progressed *held* not warranted by the pleadings, where the contract pleaded did not provide that the entire amount which defendant agreed to deposit should be deposited at one time or at any particular time, and there was no allegation that plaintiff made demand upon defendant for such deposit, and the pleadings further disclosed that the bank of deposit at all times had some considerable amount of defendant's money on deposit under the contract.

**3. Mines and minerals ⬅109 — Abandonment of drilling contract held not warranted for failure to pay for shut-down time unless there is a prior demand and no money to secure payment in bank.**

Under a drilling contract requiring the company employing the contractor to furnish him supplies and materials and to pay for any shut-down time caused by its failure to do so, failure to pay for such shut-down time is no ground for abandonment of the contract, unless a prior demand for such payment is made and there is not enough money in a bank as required by the contract to secure such payment after such demand.

**4. Customs and usages ⬅18—Error to admit proof of custom not pleaded.**

In an action for breach of a drilling contract providing for the payment to plaintiff drilling contractor for shut-down time at a stated price per day, it was error to admit testimony as to the custom of a 12-hour day or 2 days in each 24 hours, where there was no pleading of the meaning of that provision or of any such custom.

**5. Mines and minerals ⬅109—Where driller abandoned contract for failure to make agreed deposit, damages not recoverable without pleading that omission by mutual mistake of provision making such failure ground for abandonment.**

Where a drilling contract provided that defendant should deposit an agreed sum of money to secure the payment of expenditures by plaintiff in drilling the well, but stipulated no definite time for such deposit, nor that the deposits should all be made at one time, plaintiff could not recover damages for breach of contract where he abandoned the contract because the entire deposit was not made, without pleading that by mutual mistake the contract omitted to provide that failure to make the deposit should be ground for abandonment.

**6. Mines and minerals ⬅109—Failure to pay for work as it progressed under drilling contract held not cause for abandonment.**

Under a drilling contract providing that defendant should deposit money in bank to secure payment for plaintiffs' work, *held*, that failure to pay for work as it progressed was not cause for abandonment and recovery by plaintiff of damages, if defendant kept sufficient money on deposit to cover amounts due as work progressed.

**7. Mines and minerals ⬅109 — Drilling contractor entitled to loss of profits for breach of contract justifying abandonment.**

Where a contract for drilling oil and gas well is breached by failure to pay amounts due as work progressed and for that reason the work is abandoned as provided by the contract, the contractor is entitled to recover for loss of profits clearly proven.

**8. Appeal and error ⬅281(1)—Evidence not reviewed in absence of motion for new trial or motion to set aside verdict.**

Where no motion for new trial and no motion to set aside the verdict is made, propositions based upon the evidence cannot be considered.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by W. M. Fairchild and others against the Pen O Tex Oil & Leasehold Company and others. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Conner & McRae, of Eastland, and McLean, Scott & Sayers, of Fort Worth, for plaintiffs in error.

Grisham Bros. and J. H. Jones, all of Eastland, and Thos. J. Pitts, of Gorman, for defendants in error.

### Statement of the Case.

HARPER, C. J.  This is an action for damages for breach of contract, the material parts of which are as follows:

Fairchild, party of the first part, and Pen O Tex Oil & Leasehold Company, second party.

First party agreed to drill for oil and gas, to furnish everything necessary, except rig, fuel, casing, casing clamps, and water.

The well, unless sooner abandoned by direction of the party of the second part, is to be drilled to a depth of 3,500 feet, consideration $8 per linear foot. * * *

In case second party should desire to drill to a greater depth than 3,500 feet to pay $100 per day of 12 hours. Work to be paid for monthly. Second party to deposit in bank in escrow $28,000 to guarantee payment of contract price of said well out of which payments due shall be paid as herein specified.

The work to be paid for monthly, by check drawn on above bank, after second party has received satisfactory proof including receipts in full for all laborers, material, etc., that there are no liens, etc. "Money for drilling * * * shall be due and payable at the rate of fifty per cent. upon the completion of each five hundred feet and when a depth of 3,500 feet is reached or any depth at which said well is abandoned, the balance of the contract price becomes and is due and payable."

"All shut-downs or delays caused by order of party of second part under the terms of this contract, or by their failure to furnish materials, fuel, or equipment mentioned in this contract, shall be paid for by party of the second part at the rate of $100.00 per day."

"That said party of the second part hereby further agrees that in the event that after the completion of this contract, no further drilling is done by the said second party which would require further the services, tools and equipment, etc., of the said party of the first part, at rate of compensation to party of the first part, then in such case the party of the second part is to pay for the hauling from the well to the cars and the freight on said first party's tools and machinery equipment and, etc., to the destination designated by the party of the first part, provided, however, that said destination shall not exceed five hundred miles from Emerson, Texas."

Plaintiff set out the provisions of the contract, attached a copy thereof to his petition, and then alleged that "he had performed its terms except when prevented from so doing by the defendant." Then alleges that he was forced to shut down because of the failure of second party to furnish fuel, oil, 10 days of 24 hours each, and 1 day of 18 hours, in the month of June, 1921, for which a value of $2,150 is fixed. And in the months of April, and May shut-down time 9½ days, 24 hours per day or 18⅛ days at 12 hours per day, at $100, and for moving pump $25, aggregating $1,850, and in July 3 days $300. Again alleges that by reason of the failure to deposit moneys in bank as agreed he was forced to shut down during the month of May 20½ days to his damage $2,050. That defendant is further liable for 200 feet depth of well at $8 per foot, $1,600, for which he has not been paid.

That by reason of the defendant's breach plaintiff is deprived of the value of his contract, $3 per foot margin on 2,300 feet, $6,900. For failure to ship the tools, $1,500. Prays for contractor's lien for $20,350 on premises.

Plaintiff made the Pittsburg Western Oil Company party under the allegation that it had assumed to perform some part of the obligations of Pen O Tex Oil Company, also the Bank of Gorman, asserting right to a sum of money on deposit therein, alleged to be $10,000.

Plaintiffs in error urged a number of exceptions to said petition, pleaded the general denial, and specially answered that they fully complied with the terms of the contract, denied liability for certain items of alleged damage, pleaded an estoppel, and that Fairchild voluntarily, without just cause, abandoned the drilling of the oil well at a depth of 1,200 feet, the contract providing for it to be drilled to a depth of 3,500 feet unless oil was discovered at a lesser depth, and alleged damages resulting to plaintiffs in error from the abandonment of the contract by Fairchild for which they sought a recovery.

The bank answered merely as a stakeholder, claiming to then have the sum of $6,842 deposited by plaintiffs in error.

A trial before a jury resulted in the court rendering judgment on special issues against plaintiffs in error in the sum of $10,279.50 and against the First National Bank for $6,842, which when collected was directed to be credited on the larger recovery.

### Opinion.

[1] Assignments 1, 2, and 3, objecting to the charge, are not tenable. As a charge on the burden of proof it is correct and is not a general charge as urged. It reads:

"* * * The burden of proof is upon the plaintiff to establish the material allegations of his petition by a preponderance of the evidence, and the burden is on the defendant to establish the material allegations of their cross-action by a preponderance of the evidence."

This case was submitted by special issues, and the only question submitted as a basis for justification for finally abandoning the contract and basis for recovery for shut-down delays is the failure of the defendant to deposit money to secure the payment of

moneys due as the work progressed, which charge is as follows:

"1. It was contemplated by the original contract entered into by and between the plaintiff and the defendant Pen O Tex Oil & Leasehold Company, that certain moneys should be deposited with the First National Bank of Gorman to secure plaintiff in moneys that might be due him under the contract as the well progressed. Now, if you believe from a preponderance of the evidence that the defendant failed to deposit the moneys as provided for in said contract, then answer the following special issues:

"(a) By reason of the failure, if any, on the part of the defendant to deposit the money in the bank as provided for in said contract, did the plaintiff shut down the well and stop operations thereon waiting for such deposit? Answer yes or no. Answer: Yes.

"(b) If you have answered special issue No. 1 (a) in the affirmative, then answer what amount will reasonably compensate the plaintiff for such shut-down time; and, in determining this, you may take into consideration the value of the time of the plaintiff with his tools, and the men employed by him during such delay period. if any? Answer: $1,500.00.

"(c) Was the failure, if any, on the part of the defendants herein to deposit any moneys in the Gorman Bank as provided for in the contract, the direct and proximate cause of the delay, if any, inquired about in the next two preceding subdivisions of this special issue? Answer yes or no. Answer: Yes."

Appellant levels the following propositions at these charges and the finding thereon:

"It was the duty of the court to construe the contract and not to submit its construction to a jury in the absence of any ambiguity."

"That the contract did not provide for any shut-down because of failure to deposit money in bank."

This contract does not provide that the whole of this money shall be deposited at one time, nor does it stipulate a time for its deposit, and the appellee has not pleaded that there was any agreement between the parties in this respect, not expressed in the contract, and he has acted under it from December 27th to August. So it would seem that to keep moneys deposited in bank sufficient to meet payment for work as it progressed would, under the contract and plaintiff's pleadings, be sufficient.

There is no allegation that appellee made any demand upon appellant to deposit, but, on the other hand, he pleads that at the time he abandoned the work there was on deposit $10,000, and the bank has answered that at the date of trial it held as stakeholder $6,842 for which the court gave plaintiff judgment, and that it had had $5,600 on deposit at all times since the date of the contract, and so had when plaintiff's suit was filed, August 12, 1921.

[2] So it clearly appears that the finding

for $1,500 shut-down time is not justified or supported by the pleadings.

[3] It is further urged that the failure to pay for shut-down time occasioned by failure on the part of appellant to furnish material is not a cause for abandonment. The question does not seem to have been urged in the trial court as a cause for abandonment; it was not submitted upon that theory, nor for a basis to recover the amount alleged to be owing to appellee. In view of another trial, if it should be found that any such amounts are recoverable under the contract, it would not be grounds for abandonment of the contract unless a demand for such prior to abandonment be pleaded and proven, and that there were not moneys enough in the bank to secure such payment after demand.

[4] The further point is made that the contract provides for only $100 per day for shut-down time and that the court erred in admitting testimony as to the custom of a 12-hour day, or 2 days in each 24 hours. There is no pleading of custom, so the court erred in admitting this evidence. The contract in this respect is ambiguous. Therefore, calls for pleading and proof as to its meaning in order to recover for 2 days in 24 hours.

[5] As indicated above, the failure of appellant to deposit the whole $28,000 not being made a ground for abandonment under the contract by its provisions, it became necessary for him to plead that such provision was left out by mutual mistake, or that it was so understood at the time, if it was so agreed, in order for him to justify his abandonment because of such failure, and this has not been done.

[6] However, plaintiff charges failure to deposit as well as failure to pay for work as it progressed under the contract as grounds to justify his abandonment and to support his action for damages. But as to both causes it affirmatively appears from his pleadings that neither obtained. Failure to pay would not justify abandonment of the contract where there was sufficient money on deposit to cover amounts due as the work progressed.

The only item charged to be due for work, depth of well, is 200 feet not paid for, except the one-half of the depth already drilled, and this was not due until the well had been dug to a depth of 3,500 feet, or abandoned for good cause prior to such depth, and under the contract only one-half of this 200 feet was due, in the absence of cause for abandonment of drilling, or $800, and this is more than covered by the amount on deposit in the bank.

All the other items in the bill are for shut-down time and damages growing out of the breach, so appellee has failed to allege a sufficient ground for abandonment, without which he has stated no cause of action.

[7] If, upon another trial, it be found that appellee abandoned his contract because of

252 S.W.—54

failure to pay, he will be entitled to recover for loss of profit clearly proven. U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, 28 L. Ed. 168; Osage Oil Co. v. Lee Farm O. Co. (Tex. Civ. App.) 230 S. W. 518. Also for the reasonable cost of return of his drilling outfit. The contract so provides.

[8] All those propositions based upon the evidence cannot be considered because no motion for new trial was filed, nor motion to set aside the verdict. Bland v. Cruce (Tex. Civ. App.) 238 S. W. 720.

Under pleadings, the question of whether plaintiff was a competent man was not admissible. He was the contractor, not driller.

Reversed and remanded.