WEST TEXAS UTILITIES COM-
PANY, Appellant,

v.

Stanley J. PIRTLE, Appellee.

No. 4335.

Court of Civil Appeals of Texas.

Eastland.

July 11, 1969.

Rehearing Denied Aug. 1, 1969.

Wagstaff, Alvis, Alvis, Cochran & Leonard, Abilene, for appellant.

Bryant, Glenn & Thomas, Abilene, for appellee.

GRISSOM, Chief Justice.

West Texas Utilities Company sued Stanley J. Pirtle for a debt which it alleged Pirtle owed for electric service and merchandise "sold and delivered to defendant." The suit was based upon an attached verified account and written contract. Pirtle filed a verified denial of the account. The written contract upon which the plaintiff relied to establish liability of Pirtle for the electric service and merchandise shows in the first paragraph that the agreement is between WEST TEXAS UTILITIES COMPANY, and CISCO LOCKER PLANT, "c/o Stanley J. Pirtle" of Cisco, Texas, with the Locker Plant being designated as plaintiff's "customer." It was signed as follows:

> "WEST TEXAS UTILITIES COMPANY
>
> BY Norman Huston
> ———————————————
>
> CISCO LOCKER PLANT
> ———————————————
> Customer
>
> By Stanley J. Pirtle."
> ———————————————

At the close of plaintiff's evidence the court instructed a verdict for Pirtle and rendered judgment accordingly. West Texas Utilities Company has appealed.

Appellant's first point is that the court erred in instructing a verdict for Pirtle because the evidence raised an issue of fact as to whether Pirtle was liable for the debt. This point must be overruled. Neither the contract nor any evidence introduced tended to show that said contract was Pirtles; that he was the beneficiary of the things purchased by the Cisco Locker Plant from the plaintiff, or that he agreed to pay for them. On the contrary, the written contract attached to the plaintiff's petition and relied upon by the plaintiff shows the contract was that of Cisco Locker Plant, not Pirtle; that the Cisco Locker Plant was the Utility Company's "cus-

tomer" and only that it was acting through Pirtle. This was as plainly shown as was the fact that the other party to the contract was West Texas Utilities Company who was acting through Huston, whom the parol evidence shows was its local manager.

In Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L.R.A. 398, our Supreme Court said:

> "It is elementary that one suing upon a contract must recover upon the contract alleged, or not at all. If he proves a contract essentially different from that alleged, he must fail."

See also Blum v. Sams, Tex.Civ.App., 250 S.W. 760; McAlister v. Bivings, Tex.Civ. App., 29 S.W.2d 853, and 13 Tex.Jur.2d, Section 399, page 679–680. The contract attached to plaintiff's petition and introduced in evidence shows that it was not Pirtles contract and that he did not agree to pay plaintiff for the electric service and merchandise sold by it to its "customer", Cisco Locker Plant.

■ Appellant's second point is that the court erred in so instructing the jury because Pirtle did not deny under oath that he was liable "in the capacity in which he [was] sued." Texas R.C.P. 93(c) does provide that a pleading that a defendant is not liable in the capacity in which he is sued, unless the truth thereof appears of record, shall be verified by affidavit. Appellant cannot benefit from that rule. Pirtle was not sued in a representative capacity. He was sued as the person who had contracted to pay for the service and merchandise sold by appellant. This was alleged. It was not proved. Said written contract shows the contrary. Plaintiff did not prove that allegation, on the contrary, plaintiff proved a contract executed by Cisco Locker Plant.

■ Appellant's third point asserts error in instructing a verdict because there was no evidence that Cisco Locker Plant was a corporation when the debt arose.

We think there was. However, the legal principle asserted is not applicable here. We think it is immaterial whether there was evidence that Cisco Locker Plant was a corporation when the debt arose.

Since plaintiff introduced no evidence showing Pirtle was liable for the debt the court did not err in instructing a verdict for him.

Appellant's points are overruled. The judgment is affirmed.