## EBERHART v. CRISMAN & NESBITT.

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1911. Rehearing Denied Dec. 16, 1911.)

CONTRACTS (§ 346*)—BREACH—ISSUES, PROOF, AND VARIANCE.

Plaintiff alleged the execution of two contracts between his assignor and defendants for certain millwork; that defendants had accepted work for which they had not paid, whereupon plaintiff's assignor had refused to furnish the balance of the material; that the contracts had been canceled; and that by receiving and using the material defendants became liable therefor. It was also alleged that it was agreed that defendants were to pay 80 per cent. of the price of the material when the same was furnished. The testimony showed the execution of the contracts, as alleged, except on one of them was indorsed, "payments to be made on basis of 80 per cent. of the price of material as estimated by architects." *Held* that, there being no controversy that the material was furnished to the extent claimed, and that the price had not been paid, and there being no claim that defendants had not paid, because no estimate had been made by the architects, or the amount due as ascertained, there was no sufficient variance to justify direction of a verdict for defendants.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by Jacob Eberhart against Crisman & Nesbitt. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Mitchell Davis and O. T. Plummer, for appellant. J. W. Brown and Phillips & Bledsoe, for appellees.

RAINEY, C. J. This suit was brought by Jacob Eberhart against Crisman & Nesbitt and the Cleburne Planing Mill Company to recover on a claim for $584.95 against Crisman & Nesbitt for millwork furnished by the Cleburne Planing Mill Company, and which claim was transferred to said Eberhart by the said mill company. Crisman & Nesbitt answered by demurrers and general denial, and pleaded a cross-action against the said mill company for damages for breach of their contract. After hearing the evidence, the court instructed the jury to return a verdict in favor of Crisman & Nesbitt, and Eberhart appeals. The court instructed a verdict for Crisman & Nesbitt on the theory that the allegata and probata did not correspond, and this is the sole issue for determination.

The petition alleged, in effect, that two contracts similar in character, but of different dates, were entered into between Crisman & Nesbitt and the Cleburne Planing Mill Company, by which the mill company was to furnish Crisman & Nesbitt, for certain amounts, the millwork for the erection of two buildings; that the mill company had delivered and Crisman & Nesbitt accepted certain millwork, for which they had not paid; that said Crisman & Nesbitt had breached the contracts, and said mill company had refused to furnish the balance of the material called for in said contracts; that the contracts had been canceled by mutual consent; that by receiving and using said material they promised and agreed to pay and became liable, therefor, etc.

It was also averred "that it was understood and agreed by all the parties to said two contracts that said Crisman & Nesbitt were to pay 80 per cent. of the price of said material, when same was furnished to them f. o. b. building, from time to time, to said Cleburne Mill Company."

The testimony showed the execution of the two contracts as alleged, except on one is indorsed the following: "Payments to be made upon the basis of 80 per cent. of the price of material as estimated by architects." Appellees insist that the uncontradicted evidence, showing that payments were to be made on the basis of 80 per cent. of the price of material as estimated by architects, was a material variance between the allegations and proof that prevents a recovery by plaintiff in this case.

There is no principle of law better settled than that, to entitle a plaintiff to recover, there must be no substantial variance between the allegations and proof. But was there

such a substantial variance in this case? We think not. There is no controversy but that the material was furnished to the extent claimed, and the price to the extent sued for had not been paid. There was no claim by Crisman & Nesbitt that they had not paid it, for the reason that no estimate had been made by the architect, and the definite amount due was not ascertained. We are therefore of the opinion that the rule of "allegata and probata" does not apply in this case, as there was no substantial variance.

The judgment is reversed, and cause remanded.