J. M. WARE v. POINDEXTER FURNITURE & CARPET COMPANY.

No. 7071.   Decided June 8, 1938.
(117 S. W., 2d Series, 420.)

*Leo Brewster* and *Chas. T. Rowland,* both of Fort Worth, for plaintiff in error.

The Court of Civil Appeals erred in affirming the judgment of the trial court because such judgment was not supported by the pleadings and verdict in the case, as the contract pleaded as a basis for the recover was never entered into, and the only agreement made by the parties was entirely different both in date and terms, which agreement was not pleaded. Hackney Mfg. Co. v. Celum, 189 S. W. 988; Jackson v. Blair, 165 S. W. 522; Goodwin v. Biddy, 149 S. W. 739.

*S. C. Rowe,* of Fort Worth, for defendant in error.

The judgment of court in favor of plaintiff was correct. Kraus v. Morris, 245 S. W. 450; Davies v. Texas Cent. R. R. Co., 133 S. W. 295; Pennant Oil & Gas Co. v. Lightfoot, 286 S. W. 249.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in a district court of Tarrant County on May 18, 1934, by the Poindexter Furniture and Carpet Company against J. M. Ware and his wife to recover the sum of $2650.46, alleged to be the balance of the purchase price of goods consisting of furniture and other household equipment sold by the plaintiff to the defendants for completely furnishing their home in Fort Worth. A trial before a jury on special issues resulted in a judgment in favor of the Company against Ware for the amount sued for. The Company was denied a recovery as against Mrs. Ware. Ware appealed and the Court of Civil Appeals affirmed the judgment of the trial court. 88 S. W. (2d) 718. Ware has been granted the writ of error on assignments which present as ground of error the lack of pleading to support the verdict of the jury and the judgment which the trial court rendered.

In the trial of the case there were but three special issues submitted to the jury and no other was requested by either party. Two of the special issues submitted to the jury, together with the jury's answer thereto, are set out below. The third special issue relates to an immaterial matter and therefore need not be set out.

"Question One: Do you find from a preponderance of the evidence that on or about October 27, 1931, the plaintiff and defendant entered into an agreement whereby the defendant J. M. Ware would pay the plaintiff the balance due on the bill of goods purchased by defendant at the rate of at least $100.00 per month? Answer: No.

"Question Two: Do you find from a preponderance of the evidence that on or about May 17, 1930, plaintiff and defendant J. M. Ware entered into an agreement whereby defendant Ware should pay plaintiff whatever amount might be then owing for goods purchased or that might be thereafter furnished by plaintiff to defendants in the completion of the bill, $500.00 cash and the balance at $100.00 per month? Answer: Yes."

The answer to special issue number two constitutes the essential basis of the trial court's judgment in favor of the Company against Ware. It is contended that the verdict of the jury in response to this special issue, and the judgment of the trial court based thereon, are not authorized by law for the reason that said issue is not presented by the pleadings in the case. A determination of the question depends on the averments of the plaintiff's petition alone, for the reason that the defendant Ware, in addition to certain exceptions and special pleas setting

up the statute of two years limitation and the statute of frauds, pleaded nothing but a general denial.

The allegations of the plaintiff's petition are to the following effect: In April, 1930, Ware, desiring to purchase a large amount of goods, such as furniture, carpets, etc., for completely furnishing the Ware home, applied to the Company to purchase the goods required. The Company agreed to supply the goods. It was contemplated by the parties that the matter of supplying the goods would require a considerable length of time, as the particular articles desired would have to be selected by Ware and his wife, and if the desired articles were not in stock the Company would have to order same from the factory. It was further contemplated at the time that the goods delivered to the Wares, and accepted by them, were to be paid for in cash. The matter of furnishing the home was begun at once and continued until October 27, 1931, when the order became completely filled. Following these averments, the petition, so far as material to the question now under consideration, reads as follows:

"While said order was in process of being filled, and in order to show good faith of defendants, defendant J. M. Ware, did on or about May 27, 1930, pay to the plaintiff in cash the sum of $500.00, and did pay to plaintiff $100.00 per month during the time said order was being filled, and it was orally represented to the plaintiff by the defendant, J. M. Ware, that he, the said Ware, would, upon completion of the order, pay the balance due in cash; * * * that relying upon said representation, plaintiff delivered and installed in defendants' home the goods, wares and merchandise at the time and manner herein alleged. That on or about October 27, 1931, plaintiff alleges that the order so given by defendants was completed, and that all of the goods, wares and merchandise ordered by defendants from plaintiff had been delivered and installed in defendants' home, and that the indebtedness incurred therefor was thereupon due and payable; that plaintiff did thereupon orally demand of defendant J. M. Ware that he pay the balance due on said goods, wares and merchandise so ordered, after receiving credit for the sums of money paid as hereinabove alleged, and plaintiff did, on or about the date just mentioned deliver to defendants an itemized list of the goods, wares and merchandise so embraced in said order * * * ; that defendants, and specifically J. M. Ware, did take said itemized list into his possession and did advise plaintiff's agent, J. W. Poindexter, that he would check over said list and would forthwith make settle-

ment in accordance with the oral agreement theretofore had, as hereinabove set forth. * * * That shortly after October 27, 1931, the exact date being unknown to plaintiff, but within several days thereafter, * * * defendant J. M. Ware came to plaintiff's store and for the first time orally advised and stated to plaintiff that defendants were unable to pay for all the goods in cash but would pay the balance then due, amounting at such time to $4250.46, in installments of at least $100.00 per month until the purchase price therefor was fully paid off and discharged; that the proposal submitted to plaintiff by defendant J. M. Ware was acceptable to plaintiff, acting by and through its general manager, J. W. Poindexter, and said Poindexter did thereupon accept such proposal and it was thereupon orally agreed and understood between plaintiff and defendant J. M. Ware that the balance due thereon should be paid for in installments of at least $100.00 per month * * *. That said defendant did make said payments of $100.00 per month from November 9, 1931, up to and including February 6th, 1933, when said defendant made a $100.00 payment and thereafter failed and refused to make any further and additional payments on said account, and that there is now a balance due on said indebtedness, and so now due and payable, in the sum of $2650.46; that plaintiff has often demanded of defendant J. M. Ware that he pay said balance due, but said defendant has failed and refused, and still refuses to pay the same or any part thereof * * *."

The defendants excepted to the plaintiff's petition on the ground that the allegations of the petition showed, first, that the contract sued on was oral and that same was not to be performed within the period of one year from the making thereof, and secondly, that a recovery of the sum sued for was barred by the statute of two years limitation. These exceptions were overruled by the trial court.

2 We have concluded that special issue number two is not authoriezd by the pleadings, and therefore the finding of the jury in answer to same does not afford a legal basis for the judgment rendered by the trial court in favor of the defendant in error. It is well established that the plaintiff who sues upon a contract must recover upon the contract alleged in his petition, and if the proof shows a contract essentially different from that alleged, he must fail in the action. Western Union Telegraph Co. v. Smith, 88 Texas 9; Morris v. Kasling, 79 Texas 141, 145, 15 S. W. 226; Gammage v. Alexander, 14 Texas 414, 418; Brown v. Martin, 19 Texas 344; Krohn v. Heyn, 77 Texas 319, 14 S. W. 130; 25 Tex. Jur., p. 481.

It is noted that special issue number one makes inquiry as to the contract alleged in the plaintiff's petition as having been made in October, 1931, after the unpaid balance of the purchase price, amounting to $4250.46, had become payable. The petition fails to present as an issue the agreement found by the jury to have been made on May 17, 1930, and the finding of the jury in this respect is at variance with the allegations contained in the petition respecting the transaction which occurred between the parties at that time. The intendments of the allegations contained in the petition respecting said transaction plainly do not comprehend any obligation on the part of Ware to pay any part of the purchase price of the goods in monthly installments after the completion of the order. On the contrary, an obligation on the part of Ware to pay for the goods in cash, upon completion of the order, is alleged. The finding of the jury in answer to special issue number two, though supported by testimony, has no support in the pleadings. The trial court therefore erred in rendering judgment for the defendant in error based on said finding of the jury.

The judgment of the trial court in so far as same is in favor of Mrs. Ware is affirmed. In all other respects the judgment of the trial court and that of the Court of Civil Appeals are reversed and the cause remanded.

Opinion adopted by the Supreme Court June 8, 1938.