**E. C. HUBBLE, Appellant,**

v.

**Esther L. BURCHARD, Appellee.**

**No. 130.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 28, 1965.

Rehearing Denied Dec. 2, 1965.

Ralph J. Graham, Horkin, Nicolas & Nicolas (Toufic Nicolas) Corpus Christi, for appellant.

Trimble & Dobbs (J. B. Trimble) Corpus Christi, for appellee.

SHARPE, Justice.

This appeal is from a judgment rendered in a non-jury trial in favor of appellee and against appellant for $4,000.00, of which $3,000.00 was awarded for services rendered to appellant during a ten-month period from April, 1957, through January, 1958, by appellee and her deceased husband, and $1,000.00 for appellee's attorney's fee. Findings of fact or conclusions of law were not requested or made. Appellee's right to bring the suit as sole beneficiary is not questioned.

Appellant, by two points, contends that there is no evidence and that the evidence is factually insufficient to support an ex-

press contract as the basis of the award in favor of appellee.

■ A review of the record reflects that the evidence is factually sufficient to support implied findings in favor of the judgment that appellant orally agreed with appellee's husband, and after his death, with her, for each of them to render accounting, bookkeeping and income tax services for his benefit and that appellant agreed to pay for such services. However, the evidence is factually insufficient to support an implied finding that appellant agreed to pay appellee or her husband either the sum of $300.00 per month, or a total of $3,000.00 for ten months, for such services.

■ Appellant contends, and we agree, that the issue is not whether he owes appellee some money because of her services and those of her deceased husband, but whether he agreed to pay them the amount of $3,000.00 for the same.

The strongest evidence relied upon by appellee to support an award in the amount of $3,000.00 is her own testimony to the effect that her husband started to work for appellant in March, 1957; that a Mrs. Allen, appellant's office manager, who had been receiving $300.00 a month, decided to retire in about April, 1957, and that appellant told appellee that her husband was carrying on the work of Mrs. Allen; that appellee's husband continued doing such work for appellant until his death in December, 1957; that, thereafter, appellant asked appellee to complete some income tax returns and accounting work. Appellee never testified that appellant expressly or impliedly agreed to pay a fixed amount for such services, either monthly or for the whole period of time.

The applicable rule herein is stated, in substance, in the case of O-W-R Oil Company v. Sowell, 82 S.W.2d 1099 (Tex.Civ. App.1935, writ dismissed). There, the plaintiff recovered judgment in the trial court based upon an agreement that he would receive an interest in certain oil and gas leases, but his evidence did not sufficiently establish the interest he was to receive. The Court of Civil Appeals reversed and remanded, holding:

"It is fundamental that a plaintiff, in order to recover, must prove a contract as alleged. The above evidence is possibly sufficient to create an implied obligation on the part of Roberts to pay the plaintiff in money for the reasonable value of his services, but it does not establish an agreement to give plaintiff an interest in the lease."

Ware v. Poindexter Furniture and Carpet Co., 131 Tex. 568, 117 S.W.2d 420 (1938), is to the same effect.

No useful purpose will be served by further recitation of the evidence. The record is sufficient to support a finding that appellant agreed to pay the reasonable value of the services rendered by appellee's husband and by her, but the basis for calculating the compensation owed, both as to rate of pay and time expended, particularly by appellee's husband, is insufficient. A finding that appellant agreed to pay an amount of $3,000.00 for the services rendered would be so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Appellant's point one is overruled and his point two is sustained.

The judgment of the trial court is reversed and the cause remanded for new trial.