Susie B. SANCHEZ, Appellant,

v.

A. E. HERNANDEZ, Appellee.

No. 14870.

Court of Civil Appeals of Texas,
San Antonio.

June 3, 1970.

Rehearing Denied July 8, 1970.

Leonard J. Schwartz, George A. Rigely,
Rigely & Schwartz, San Antonio, for appellant.

BARROW, Chief Justice.

Appellee, A. E. Hernandez, brought this suit to recover the sum of $700.00 allegedly due by appellant, Susie R. Sanchez, on a written contract to construct a room addition on appellant's house for the total

sum of $1,400.00 cash to be paid upon completion. Appellant pleaded that the entire $1,400.00 had been paid, and by way of counterclaim sought restitution of the sum of $700.00, admittedly received by appellee, since the work was never fully completed. Judgment was rendered after a non-jury trial, whereby appellee recovered the sum of $700.00 as balance due on the contract.

Although testimony was offered at the trial relating to the unsatisfactory condition of the floor of the addition, appellant has conceded, for the purpose of this appeal, that appellee did all the work specified in the contract. Appellant has briefed four assignments of error, but the first three all relate to the proposition of whether there is a fatal variance between the terms of the contract and the proof as to the location of the proposed addition. There is no dispute as to the actual location of the home of appellant and the evidence is undisputed that the work was performed at appellant's home as contemplated by the parties. However, the contract described such location as "Lots 10 & 11, New City Block 2240," whereas the description as shown by tax receipts on said premises is "Lots 25 & 26, NCB 2241."

Appellant asserts that the trial court erroneously permitted the appellee to reform or correct the written contract sued upon without an allegation of fraud, accident or mistake. She also urges that the trial court erred in granting appellee a judgment and in not granting appellant's motion for judgment because appellee failed to perform the contract sued upon, in that he did not add a room at the location called for in said contract.

■ It is well established that a plaintiff who sues upon a contract must recover upon the contract alleged in his petition, and if the proof shows a contract essentially different from that alleged he must fail in the action. Ware v. Poindexter Furniture & Carpet Co., 131 Tex. 568, 117 S.W. 2d 420 (1938); McBroom v. Guthrie, 389 S.W.2d 366 (Tex.Civ.App.—Fort Worth

1965, writ ref'd n. r. e.); Stradley v. Southwestern Life Insurance Co., 341 S.W.2d 195 (Tex.Civ.App.—Dallas 1960, writ ref'd n. r. e.).

■ It must be recognized, however, that not every variance between the contract pleaded and the proof offered is a fatal one. For example, it has been held that a variance in the description is fatal only if the misdescription will tend to mislead and surprise the adverse party. Ramsey v. Wahl, 235 S.W. 838 (Tex.Comm'n App. 1921, opinion adopted); First National Bank of Rockwall v. Stephenson, 82 Tex. 435, 18 S.W. 583 (1891); Ingram v. Gentry, 205 S.W.2d 673 (Tex.Civ.App.—Waco 1947, no writ); Bland v. Cruce, 238 S.W. 720 (Tex.Civ.App.—Dallas 1922, no writ); Eberhart v. Crisman & Nesbitt, 141 S.W. 841 (Tex.Civ.App.—Dallas 1911, no writ).

■ A material variance is not shown under the record before us. It is seen at the outset that appellant did not plead failure of consideration as required by Rules 93 and 94, Texas Rules of Civil Procedure. The legal description of the property is immaterial to this judgment in that no lien was granted appellee. Although the legal description of appellant's property was incorrectly set forth in the contract, there was no misunderstanding as to the actual location of same. Both parties knew where the addition was to be constructed and the work was actually performed at this location. Appellant's three points complaining of a variance between the legal description in the written contract and the legal description as shown in the evidence are without merit and are overruled.

■ Appellant's fourth point asserts the trial court's finding that appellant had not paid the full $1,400.00 is so against the great weight and preponderance of the evidence as to be manifestly unjust. Such point requires us to consider all the evidence in the case. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965); 4 Tex.Jur.2d, Appeal and Error—Civil, Sec. 839. In

doing so, however, we may not substitute our judgment for that of the trier of facts, even though we might have reached a different conclusion from such testimony. Commercial Union Assurance Co. v. Foster, 379 S.W.2d 320 (Tex.Sup.1969); 4 Tex. Jur.2d, Appeal and Error—Civil, Sec. 902.

■ Appellant affirmatively pleaded that the sum of $1,400.00 had been fully paid and the issue of payment was vigorously contested in the trial court. The most persuasive evidence from appellant's standpoint is the undisputed fact that she actually withdrew the sum of $1,400.00 from her savings account. This was done in the form of two checks issued to her. One check was endorsed over to appellee and constituted the $700.00 admittedly received by him. The second check was cashed by appellant, but the evidence is disputed as to whether the sum of $700.00 in cash was paid to appellee. Appellee testified that appellant complained of spots on the new floor and said such defects must be corrected before she would pay him the balance. Appellee is corroborated in part by the admitted fact that appellant did complain of the floor and the floor finisher testified that he went back to the property at appellee's request to redo same. He was unable to refinish the floor because appellant refused to let him in the house.

Appellant testified that she paid appellee the sum of $700.00 in cash because he wanted the money to pay his workmen. She said that appellee took her to a branch office of the savings company where she secured the two checks. They returned to her house and she paid him the $700.00 in cash and endorsed over the $700.00 check. She did not obtain a receipt for this cash, although she had taken a receipt when she paid for prior work performed by appellee. She was corroborated by her daughter and young grandson, who testified that they saw appellant give appellee some money. However, neither of these parties were direct participants in the transaction and, of course, their interest is obvious.

It is seen that the evidence as to the cash payment is squarely contradicted by the direct testimony of the two participants. The trial judge alone had the opportunity to see and hear the witnesses and is the sole judge of their credibility. Obviously, we do not know what impressed him to believe appellee and to disbelieve appellant. Regardless of whether we agree with his conclusion of this disputed fact, we cannot say that his finding that only the $700.00 check was paid to appellee is so against the great weight and preponderance of the evidence as to be manifestly unjust. Accordingly, appellant's fourth point is overruled.

The judgment is affirmed.

CADENA, Justice (dissenting).

I cannot agree to an affirmance of the judgment below.

Plaintiff declared upon a written contract calling for the addition of a room to a dwelling located on Lots 10 and 11, N.C.B. 2240, in San Antonio. Plaintiff alleged that he had performed his obligations under the contract, and his prayer for relief was based on defendant's failure to pay the price specified in such written contract. Under the contract defendant agreed to pay plaintiff upon completion of the work. Plaintiff alleged that defendant had paid $700.00, but that she refused to pay the remaining $700.00 as required by the written contract.

The testimony discloses that plaintiff did not work on Lots 10 and 11, N.C.B. 2240, which lots, in fact, were not owned by defendant. The evidence conclusively establishes that plaintiff did construct an addition to defendant's dwelling, which is located on Lots 25 and 26, N.C.B. 2241. The written contract, including the legal description of the property, was prepared by plaintiff.

Throughout the trial, defendant objected to testimony concerning any work done by plaintiff on lots other than those described in the written contract on the ground that

**500**

such evidence violated the parol evidence rule.

Plaintiff does not contend that the written agreement was not intended as a complete "integration" of their agreement. The instrument itself is complete on its face, and there is nothing, either in the instrument or in the evidence, to indicate that the writing represents only a part of the agreement between the parties. Under these circumstances, parol evidence cannot be considered for the purpose of varying or contradicting the writing. "This is a proposition of such universal acceptation that it is unnecessary to cite authorities to sustain it." Ross & Sensibaugh v. McLelland, 262 S.W.2d 205, 208 (Tex.Civ.App. —Fort Worth, 1953, writ ref'd n. r. e.).

This is not a case involving a mere variance between pleading and proof. There was no such variance here. Plaintiff alleged a written contract calling for construction of an addition to a building located on Lots 10 and 11, N.C.B. 2240. He introduced in evidence a written contract calling for the construction of an addition to a building located on Lots 10 and 11, N.C.B. 2240. The vice in this case is that after plaintiff had introduced in evidence the written contract which corresponded in every detail to the written contract upon which his claim was based, he was allowed to introduce parol evidence for the purpose of changing the description from "Lot 10 & 11, New City Block 2240," to "Lot 25 & 26, New City Block 2241."

The violation of the parol evidence rule is clearly presented by defendant's brief. Her first point complains that the trial court erred in allowing plaintiff, by parol evidence, to change the clear unambiguous terms of the written contract. This challenge cannot be met by application of rules relating to variance between pleadings and proof.

Plaintiff's pleading contains no allegations of fraud, accident or mistake. Despite defendant's objections invoking the parol evidence rule, plaintiff made no ef-

fort to amend his pleadings so as to support a prayer for reformation because of mistake. Under these circumstances, it cannot be said that the issue of mistake and reformation were tried by implied consent.

Nor is it sufficient to point out that defendant did not assert, under oath, that plaintiff did not perform his obligations under the contract sued on. Defendant's answer alleged that plaintiff had not performed the services or delivered the materials called for by the contract. Although this plea was not verified, as required by Rule 93, T.R.C.P., plaintiff did not except to its sufficiency and did not object to the introduction of evidence to the effect that he had performed no work on Lots 10 and 11, N.C.B. 2240. Under these circumstances, the defect in defendant's pleadings was waived. Rule 90, T.R.C.P.