## ISLAND CITY BOATING AND ATHLETIC ASSOCIATION v. NEW YORK AND TEXAS STEAMSHIP COMPANY.

### No. 2997.

**Pleading—Practice.**—Appellee in carrying a boat for appellant from New York to Galveston permitted it to be injured, and in adjusting the loss the contract sued upon was made, viz., that appellee in a reasonable time was to procure another boat for appellant as good as that which had been injured, or in default to pay its value. It was

alleged that defendant had failed to do either and recovery was asked under it—the value of the boat. Testimony was introduced supporting the allegations. Defendant in answer alleged that it was to have the injured boat repaired, etc., and testimony was introduced in support of the answer. The charge of the court submitted as a basis of recovery by plaintiff a combination of facts gathered from the pleadings of both parties; upon which the jury found a verdict for plaintiff, and damages. *Held*, that as the cause of action declared on was the specific contract to furnish a new boat or pay value of the boat injured, the charge should have submitted it to the jury. The failure to do so is ground for reversal.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion gives a statement.

*S. S. Hanscom*, for appellant.—1. The court's charge to the jury that the payment of $300 to Waters & Sons on the two boats ordered of them was a contention of appellant, and that appellant also contended that the damaged boat was to be so repaired as to make it as good as new, was without foundation as an issue in the case. There was no such contention, and such instruction was calculated to mislead the jury and distract their attention from the issues as made by the pleadings and the evidence. Rev. Stats., arts. 1316, 1317; Railway v. Philips, 63 Texas, 593; Cannon v. Cannon, 66 Texas, 682; Railway v. Kutac, 76 Texas, 474; Bigham v. McDowell, 69 Texas, 100; Austin v. Talk, 26 Texas, 127; Andrews v. Marshall, 26 Texas, 212.

2. The uncontradicted evidence was that the boat before damaged was of the value from $550 to $600. The verdict was for $175. Calvit v. McFadden, 13 Texas, 327; Railway v. Jackson, 62 Texas, 209; Heidenheimer & Co. v. Ellis, 67 Texas, 428; 1 Sedge. on Dam., 435; 2 Id., 100; Railway v. Tankersley, 63 Texas, 62.

*Willie, Mott & Ballinger*, for appellee.—1. (1) The charge of the court is to be considered as a whole and is not to be regarded as an abstract proposition, but must be considered in connection with the issue and evidence.

(2) Even if a charge is erroneous, if it be clear that a verdict is supported by evidence and that the proper result has been reached this court will not reverse.

(3) Nor will a verdict sustaining or avoiding a contract for erroneous reasons under the influence of an erroneous charge be disturbed when the verdict is clearly right, though from a different view of the law from that given in the charge by the court.

(4) The charge should conform to the evidence, and if the justice of the case has been attained and the verdict is authorized by the facts, a cause will not be reversed on account of an erroneous charge.

(5) When the court has omitted to charge all the law applicable to the case, or where the charge needs explanation or qualifications, the party harmed by the omission should request a special charge.

(6) A judgment will not be reversed for the failure of the lower court to submit or qualify issues unless the error is called to the attention of the court by asking special charges. Rosenthal, Myer & Co. v. Middlebrook, 63 Texas, 333; Galveston v. Morton, 58 Texas, 409; Loving v. Dixon, 56 Texas, 75; Norvell v. Oury, 13 Texas, 31; Robinson v. Varnell, 16 Texas, 382; Waul v. Hardie, 17 Texas, 553; Peeler v. Guilkey, 27 Texas, 355; Powell v. Haley, 28 Texas, 52; Ford v. McBryde, 45 Texas, 499; Farquhar v. Dallas, 20 Texas, 200; Endick v. Endick, 61 Texas, 559; Railway v. Underwood, 64 Texas, 463; Cockrill v. Cox, 65 Texas, 669; Gaston v. Dashiell, 55 Texas, 508; Railway v. O'Donnell, 58 Texas, 27; Johnson v. Granger, 51 Texas, 42; Insurance Co. v. Ende, 65 Texas, 118; Sayles' Civ. Stats., vol. 1, pp. 440, 441.

2. The charge of the court on the measure of damages was correct as far as it went, and the appellant having asked no special charge to cover any omission will not be heard to complain. Sedg. on Dam., 425, *et seq.*; Endick v. Endick. 61 Texas, 559; Railway v. Underwood, 64 Texas, 463.

HENRY, ASSOCIATE JUSTICE.—The appellant, a corporation, sued the appellee, also a corporation, stating its cause of action substantially as follows in its petition: That the defendant is a common carrier, and as such received from the manufacturers thereof in New York a six-oared boat consigned by them and to be delivered to plaintiff at Galveston in good order, for which service plaintiff promised to pay to the defendant the sum of $14; that during its transportation by the defendant the boat was damaged and was offered to plaintiff in that condition; that defendant acknowledged to plaintiff that the boat had been damaged while it was in its custody and admitted its responsibility and liability for such damage, and thereupon contracted and agreed with plaintiff that it would replace said boat with a similar and perfect boat of the same character, size, make, and structure; and further promised, agreed, and contracted, that if it did not so replace said boat with a new and perfect one within a reasonable time thereafter it would pay to plaintiff the value of said damaged boat, which promise plaintiff accepted; that by reason of the promises defendant became liable to pay to plaintiff the value of said boat or to replace the same by another boat as aforesaid and to deliver to plaintiff a boat in as perfect condition as the one received by it as aforesaid; that the boat so damaged was worth $700; that defendant, being liable as aforesaid, afterward promised to furnish said new and undamaged boat or to pay for the boat so received by it; yet to deliver to plaintiff said boat in perfect condition or in good order, or to pay the value of said boat so damaged defendant has failed and refused, etc. The petition charges that plaintiff was the owner of the boat so damaged and of the bill of lading given therefor by the defendant.

The defendant answered by exceptions and general and special denials.

Upon the verdict of a jury judgment was rendered for the plaintiff for $175.

Plaintiff introduced evidence sustaining its allegations to its ownership of the boat and as to its being damaged by the defendant, and of the defendant's contract to furnish another boat or to pay the value of the damaged one as it was before the damage occurred, and also that the value of such a boat in Galveston was from $550 to $600.

The defendant introduced evidence disputing its ever having promised to substitute a new boat or else pay the value of the one damaged.

Evidence was introduced showing that when plaintiff originally contracted with the manufacturers for the boat that was damaged it contracted also for another one and remitted to the manufacturers $300 as a payment on the two. The damaged boat was taken back to New York by the carrier, and having been there repaired by the manufacturers, it was brought back to Galveston by the defendant and again offered to the plaintiff upon condition that it would pay the balance of the price which it had contracted to pay for the two boats, only one of which appears to have been forwarded or manufactured. The defendant declined to receive the boat when offered to it on said terms. The evidence was conflicting on the question as to whether the boat when repaired was as good as new. Witnesses for the defendant testified that it was so in all respects, but it was disputed by witnesses for the plaintiff.

The court charged the jury as follows:

"The plaintiff's contention is that it had paid $300 to Waters & Co. in part payment on some paper boats that they were to make for and ship to plaintiff by defendant's steamship, and that one of them was so shipped and damaged on the ship, and that plaintiff refused to receive it in that condition, and that thereupon the defendant promised, in consideration of the damage to the boat, that it would take it back and deliver a new boat in place of it or have it so repaired as to make it as good as new.

"The defendant's contention is that it did not agree that it would deliver a new boat, but that it would take the boat back to New York and have the damage repaired.

"If you believe from the evidence that the paper boat was damaged on defendant's ship, and that defendant agreed to replace it with a new boat or have the repair made as good as new, and that the boat was taken to New York and repaired and brought back to Galveston and tendered to plaintiff but was refused by plaintiff, and that the repairs did not make the boat as good as new, then the plaintiff would be entitled to recover damages for the breach of the contract, and the measure of damages would be the difference in value between a new one or one as good as new and the value of the repaired boat.

"But unless you believe from the evidence that the defendant did make a promise to return a new boat or make the repaired boat as good as new, the verdict should be for the defendant."

This charge was not applicable to the case made by the pleadings, and was misleading.

The petition distinctly states plaintiff's cause of action to be that the defendant, in consideration of the liability it had incurred on account of the damage to the boat, promised to furnish plaintiff a new boat similar to the damaged one before it was injured, or would pay to it the value of such a boat.

Upon that contract, as plaintiff's pleading now stands, it must recover or it can not recover at all. Plaintiff having introduced evidence to establish the contract alleged, the jury should have been instructed upon the issue so presented by the pleading, and the charge with regard to an undertaking by defendant to make the damaged boat as good as new and as to the difference in value between a new boat or one as good as new and the repaired boat (that issue not having been made by the pleadings of either party) should not have been given.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered March 24, 1891.