**O–W–R OIL CO., Inc., v. SOWELL.**

No. 1606.

Court of Civil Appeals of Texas. Waco.

May 30, 1935.

Rehearing Denied May 30, 1935.

Touchstone, Wight, Gormley & Price and W. B. Harrell, all of Dallas, and W. Edward Lee, of Longview, for appellant.

Wynne & Wynne, of Longview, for appellee.

ALEXANDER, Justice.

R. H. Sowell brought this suit against the O–W–R Oil Company, Inc., in trespass to try title to 33 acres of land in Gregg county. In the alternative, the plaintiff alleged that in March, 1931, he entered into an agreement with one T. P. Roberts by which plaintiff was to buy such oil and gas mining leases in Gregg county as should be acceptable to Roberts, and that under such agreement Roberts was to furnish the money for the purchase of such leases, and plaintiff was to receive a reasonable and fair division or interest in said leases for his services in procuring same; that in pursuance of such agreement plaintiff purchased a lease on the 33 acres of land in question, which lease was acceptable to Roberts; that Roberts paid for said lease, and he and his associates (Owens and Whitson) caused plaintiff to have the title to the lease placed in the name of one H. F. Lindsey to be held in trust for all parties, including plaintiff; that thereafter Roberts and his associates organized the O–W–R Oil Company, Inc., in which they were the sole stockholders, and caused the title to said lease to be transferred from Lindsey to said corporation, and said corporation now refuses to recognize plaintiff's interest in said lease. Plaintiff alleged that a fair and reasonable portion of said lease for his services in procuring the same was 25 per cent. of said entire lease, for which interest he sued.

The case was submitted to the jury as follows:

"Special issue No. 1: Has the plaintiff shown, by a preponderance of the evidence, that he entered into a joint adventure with T. P. Roberts to procure leases on certain oil lands in Gregg County, Texas?" To which the jury answered, "Yes."

"Special issue No. 2: Has the plaintiff shown, by a preponderance of the evi-

dence, that in furtherance of said joint adventure he did procure an oil and gas lease on the lands set out and described in his petition?" To which the jury answered, "Yes."

"Special issue No. 3: Has the plaintiff shown, by a preponderance of the evidence, that the lease on the land set out and described in plaintiff's petition, obtained by him, was acceptable to all parties interested in said joint adventure?" To which the jury answered, "Yes."

"Special issue No. 4: Has the plaintiff shown, by a preponderance of the evidence, that by mutual agreement of all parties interested in said joint adventure, the title to the oil and gas leases so obtained on the land set out and described in plaintiff's petition should, for convenience, be placed in H. F. Lindsey, to be held by him in trust for all parties interested in said joint adventure?" To which the jury answered, "Yes."

"Special issue No. 5: Has the plaintiff shown by a preponderance of the evidence, that he was to have an interest in the leases so acquired by him in furtherance of said joint adventure?" To which the jury answered, "Yes."

"Special issue No. 6: What interest has the plaintiff shown, by a preponderance of the evidence, he is entitled to receive as a reasonable and fair compensation for the services performed and the information furnished by the plaintiff, if any, to the joint adventure?" To which the jury answered, "Fifteen per cent."

"Special issue No. 7: Has the plaintiff shown by a preponderance of the evidence, that, without his knowledge or consent, Roberts and the other parties interested with him in said venture had formed a corporation in the name of the O–W–R Oil Company, Inc.?" To which the jury answered, "Yes."

"Special issue No. 8: Has the plaintiff shown, by a preponderance of the evidence, that T. P. Roberts, E. S. Owens and L. A. Whitson, the promoters of said venture, are the only stockholders in and incorporators of said corporation?" To which the jury answered, "Yes."

Based upon the jury's verdict, the court entered judgment for plaintiff for an undivided 15 per cent. interest in the lease in question. The defendant appealed.

We are of the opinion that the evidence is insufficient to establish the contract as alleged by plaintiff. The plaintiff alleged an agreement to give him an interest in the lease for his services in procuring the lease. The plaintiff's testimony was the only evidence introduced that tended to support his contentions. He testified on this subject substantially as follows: "Roberts told me to find something worth while down there and he would finance it. He said he would raise the money by syndicating it among the Chamber of Commerce crowd. Nothing was said about the basis on which Roberts and I were to handle the leases so purchased except that he said he could finance a lease if he could find something good. I obtained some information about this lease and sent him a wire. The lease covered two tracts, one for 23 or 24 acres and the other for 9 acres. I wired him that the best price I could get on the 23 acre tract was $275.00 per acre in cash and $250.00 per acre in oil. He then called me on the 'phone and I told him that the real price on the two tracts was $200.00 per acre cash and $200.00 per acre in oil, but that I had 'fattened' the price so that he could syndicate the 23 acres at the price quoted in the telegram, using the telegram to show to his associates, and then we would have the 9 acres clear. We would own that jointly. My understanding or bargain was for Roberts to hold out 9 acres and divide it among ourselves. He called me over the 'phone later and told me that he did not have time to make a deal like that, and that he and his associates would go ahead and take the entire 33 acres at the real price of $200.00 per acre cash and $200.00 per acre in oil. He told me to make the assignment to Lindsey, and I did so. I did not have any further conversation with Roberts before the deal was closed. About two weeks after Roberts purchased the lease I saw him and I said, 'Since you have Owens and Whitson in with you, what is my interest going to be?' and he said, 'Don't worry about that.' He said, 'What you say will go and what I say will go to the rest of them, and I know you will be fair and square about it.'"

Roberts testified in substance that he thought Sowell, the plaintiff, was getting his commission from the seller, and that he did not agree to give plaintiff any interest in the lease.

Excluding all evidence favorable to the defendant and giving plaintiff's testimony

that construction most favorable to him, we do not believe that the evidence is sufficient to support the judgment of the trial court. It is fundamental that a plaintiff, in order to recover, must prove a contract as alleged. The above evidence is possibly sufficient to create an implied obligation on the part of Roberts to pay the plaintiff in money for the reasonable value of his services, but it does not establish an agreement to give plaintiff an interest in the lease.

For the reasons hereinbefore given, the judgment of the trial court is reversed and the cause remanded for a new trial.