**Jack PARKER et ux., Appellants,**

**v.**

**Thomas E. BRADLEY, Appellee.**

**No. 15718.**

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1956.

Wiesenthal & Stolbun and Bernard S. Stolbun, Houston, for appellants.

Joe Harris, Houston, for appellee.

RENFRO, Justice.

Suit was brought by Bradley, as plaintiff, against Jack and Ethel Parker, defendants, in which the plaintiff alleged: " * * * on or about the 21st day of July, 1952, and on subsequent dates, at the special instance and request of Defendants, Plaintiff entered into a contract with the Defendants whereby the Defendants were to sell a Freuhauf Gasoline Transport Tank, belonging to Plaintiff, to anyone who would purchase said Transport Tank, and the said Plaintiff was to receive the sum of One Thousand Dollars ($1,000.00) net money out of the sale of said Tank. That the Defendants did sell the said Gasoline Transport Tank * * * ", and alleged that although often requested the defendants refused to pay plaintiff the sum of $1,000.

The defendants answered that on or about the 16th of April, 1951, the plaintiff employed the defendants to make certain repairs on the tank; when the repairs were completed the plaintiff was unable to pay the defendants for the work done on the vehicle and it was agreed the defendants would sell the tank, apply the proceeds to

their account and remit the balance, if any, to the plaintiff; the tank was sold on March 24, 1952; and the sum of $113.30 was realized over and above the repair bill and this amount was forwarded by check to the plaintiff, but plaintiff refused to cash said check.

After testifying to his version of the original oral contract concerning the sale of the tank, which the plaintiff testified was made sometime in the spring of 1952, he was then permitted to testify, over the objections of the defendants, that after he and the defendants became involved in a dispute as to the amount he should receive from the sale of the tank he accompanied the defendant Jack Parker to a lawyer's office for the purpose of reaching a settlement. He contended that at that time, July 21, 1952, he and Parker agreed on a price of $750. The lawyer to whom plaintiff referred testified he attempted to negotiate a settlement between the two. In doing so he "disregarded the contracts and everything", coming up with a figure of $750 for the plaintiff, and he was under the impression both plaintiff and defendant Parker agreed to the figure. The defendant Parker denied making such agreement.

Judgment was entered for the plaintiff for the sum of $750.

■ It is apparent from the record the court's judgment was not based on the cause of action plead by the plaintiff, but, on the contrary, was based upon the alleged agreement of July 21st. There was nothing in the pleadings concerning this latter alleged agreement and the testimony concerning same was adduced over the objections of the defendants. Hence, we do not have here a case falling under Rule 67, Texas Rules of Civil Procedure.

■ It is well established that a plaintiff who sues upon a contract must recover upon the contract alleged in his petition and if the proof shows a contract essentially different from that alleged he must fail in the action. Ware v. Poindexter Furniture & Carpet Co., Tex.Com.App., 131 Tex.

568, 117 S.W.2d 420; 25 Tex.Jur., p. 481, sec. 102.

In view of the fact the case must be remanded for another trial, we do not pass on the other points of error presented by the defendants.

Reversed and remanded.