Carolyn **HOLLINGSWORTH, Individually and d/b/a Insurance Associates, Appellant,**

v.

**NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellee.**

No. 8251.

Court of Civil Appeals of Texas, Texarkana.

March 25, 1975.

Frank L. Supercinski, Longview, for appellant.

Guy N. Harrison, Longview, for appellee.

CORNELIUS, Justice.

Appellee filed suit against appellant upon sworn account to recover $789.55 and attorney's fees. In a jury trial, appellee recovered judgment. Appellant urges twelve points of error.

Appellee's petition alleged that "As shown in the attached statement of account, Plaintiff sold to Defendant goods, services, wares, and merchandise, which Defendant accepted and thereby became bound to pay to Plaintiff the stated price thereof, which is a reasonable, fair, and customary price." Attached to the petition was a list of what appeared to be premiums due for certain insurance policies and the usual "sworn account" affidavit. The appellant filed a verified denial of the account and later filed a cross-action claiming that, as agent of appellee, she had actually overpaid the amounts she owed appellee, and was therefore entitled to recover $441.48.

At the trial, appellee made no attempt ,to prove the allegations of its petition, but rather introduced evidence to show that it issued insurance policies to customers of appellant, and that by the terms of her agency contract appellant was obligated to pay certain premium installments which those customers owed, but had not paid, to appellee on the policies. Evidence was introduced that the amounts shown in the verified account represented such unpaid premiums. At the outset and throughout the trial, appellant vigorously objected to evidence of any such contractual obligation, claiming that it was not within the cause of action pleaded. The objections

were overruled. At the close of appellee's case, appellant moved for an instructed verdict on the additional ground that appellee had failed to introduce any evidence to prove the cause of action which it had alleged. That motion was also overruled. Appellant then objected to the submission of special issues to the jury on the account, but these objections were overruled. The jury found for appellee on the issues of account as submitted and against appellant on her cross-action.

In this appeal appellant contends, among other things, that her motion for instructed verdict should have been sustained because there was no evidence to prove the cause of action which appellee alleged. Appellee contends that its evidence was sufficient to prove the cause of action alleged as a sworn account. We have concluded that appellant's motion for instructed verdict should have been granted.

The cause of action which appellee attempted to sustain by its evidence was not an action on sworn account within the meaning of Rule 185, Texas Rules of Civil Procedure. That rule applies only to actions involving the sale of goods, wares and merchandise whereby title to personal property passes from one party to another and the relation of debtor and creditor is thereby created, or where the action is for personal services rendered or for labor done or for labor or materials furnished. It does not apply to transactions between parties resting upon special contracts other than those giving rise to the transactions mentioned in the rule. Langdeau v. Bouknight, 162 Tex. 42, 344 S.W.2d 435 (1961); Meaders v. Biskamp, 159 Tex. 79, 316 S. W.2d 75 (1958); Searle-Taylor Machinery Company, Inc., v. Executive Car Leasing Company of Houston, 477 S.W.2d 696 (Tex.Civ.App. Houston 14th Dist. 1972, no writ); Mergele, d/b/a Bexar Vending Company v. Houston, Jr., d/b/a Sam Houston Vending Company, 436 S.W.2d 951 (Tex.Civ.App. San Antonio 1968, writ ref'd n. r. e.); Robinson v. Faulkner, 422 S.W.2d 209 (Tex.Civ.App. Dallas 1967, writ ref'd n. r. e.); Ball v. Cooper-Stanley

Company, Inc., 413 S.W.2d 467 (Tex.Civ. App. Dallas 1967, no writ); Parmer v. Anderson, 456 S.W.2d 271 (Tex.Civ.App. Dallas 1970, no writ); Mauldin v. Sullivan, 484 S.W.2d 157 (Tex.Civ.App. Eastland 1972, no writ); Langdeau v. Bouknight, supra, was a case with facts strikingly similar to those here, except that the petition there did not rely merely upon the formal language of Rule 185, but specifically alleged the agency agreement and sought recovery under the contract provisions, with the unpaid premiums being set out in a "sworn account". There, the Supreme Court said, "As to what is meant by 'sworn account', under our holding in Meaders v. Biskamp, Tex.1958, 316 S.W.2d 75, Langdeau's cause of action is not founded upon a sworn account, although he verified the same." Although Langdeau v. Bouknight and others of the cases cited, determined the narrow issue that "sworn account" as used in Art. 2226 means only the traditional sworn account recognized at common law, several of those cited involved the specific applicability of Rule 185, and all of them are consistent with the explicit language of the rule.

Formerly, an action in sworn account could only be founded on an "open account" as distinguished from an "account stated" (an agreed or liquidated amount). Wroten Grain & Lumber Company v. Mineola Box Mfg. Co., 95 S.W. 744 (Tex. Civ.App.1906, no writ). In an amendment to the statute (now Rule 185) the phrase ". . . *including* claims or suits for liquidated demands based upon written contracts or business dealings between the parties" was added after the phrase "claim for goods, wares or merchandise", in order to make accounts stated as well as open accounts included in the actions contemplated by the rule. See emergency clause (Sec. 2) of H.B. 348, 42nd Leg.Reg.Session, Gammel & Son Laws of Texas, p. 394. Glasco v. Frazer, 225 S.W.2d 633 (Tex. Civ.App.Dallas 1949, writ dism'd). The addition of such language did not, however, enlarge the rule to cover actions other than for goods sold, services rendered or labor done or materials furnished.

■■ It is true that an action on sworn account presupposes a contract between the debtor and creditor. Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App. Ft. Worth 1954, writ ref'd, n. r. e.). But the contract must be for the items of liability specified in Rule 185. It is also true that a suit for insurance premiums may be brought as a sworn account, *if it is for the recovery of premiums on policies sold by the plaintiff to the defendant.* Rudi's Automotive Corporation v. Heeth, 509 S.W.2d 428 (Tex. Civ.App. Houston 1st Dist. 1974, no writ); Moore v. McKinney, 151 S.W.2d 255 (Tex. Civ.App. Dallas 1941, no writ); Crowe v. Union Automobile Ins. Co., 79 S.W.2d 168 (Tex.Civ.App. El Paso 1935, writ dismissed). That is not the case here. Appellee did not seek to recover premiums on policies sold to the appellant, but on those *sold to third parties.*

■■ Regardless of whether appellee's real cause of action here was properly brought as a sworn account, appellee wholly failed to prove the specific cause of action it alleged. Sworn account is not a form of fictitious pleading which will allow proof of just any cause of action for debt. It is not a substantive cause of action but is merely a rule of evidence which, if there is no proper denial, avoids the necessity of proving the correctness of the account. Meaders v. Biskamp, supra; Wilkinson v. Texas Employers' Insurance Association, 444 S.W.2d 222 (Tex.Civ.App. San Antonio 1969, no writ); McCollum v. May, 396 S.W.2d 170 (Tex.Civ.App. Dallas 1965, no writ). But proof of the contract or sale which gave rise to the account must be made *as alleged.* Here appellee pleaded a sale of goods, wares, merchandise and services to the appellant. There was no trial amendment or any request therefor. The proof, on the other hand, was to the effect that policies of insurance were sold to third parties and that by special contract appellant had agreed to pay the

premiums therefor which the third parties did not pay.

It is elementary that a plaintiff must recover, if at all, on the contract alleged. If an essentially different contract is proved he must fail, unless the issue has been tried by consent under Rule 67, Tex. R.Civ.P. Morris v. Kasling, 79 Tex. 141, 15 S.W. 226 (Tex.1890); Island City Boating & Athletic Ass'n. v. New York & T. S. S. Co., 80 Tex. 375, 16 S.W. 112 (1891); Giant Mfg. Co. v. Davis, 121 S. W.2d 590 (Tex.Comm'n App.1938, opin. adpt.); Gilmer v. Graham, 52 S.W.2d 263 (Tex.Comm'n App.1932, holding approved); Hillmer v. Asher, 29 S.W.2d 1011 (Tex.Comm'n App.1930, holding approved); Snow v. Prince, 13 S.W.2d 342 (Tex.Comm'n App.1929, jdgmt. adpt.); West Texas Utilities Company v. Pirtle, 444 S.W.2d 202 (Tex.Civ.App. Eastland 1969, no writ); Stradley v. Southwestern Life Insurance Company, a Corporation, 341 S.W.2d 195 (Tex.Civ.App. Dallas 1960, writ ref'd n. r. e.); Parker v. Bradley, 289 S.W.2d 795 (Tex.Civ.App. Fort Worth 1956, no writ); O–W–R Oil Co., Inc., v. Sowell, 82 S.W.2d 1099 (Tex.Civ. App. Waco 1935, writ dism'd); Batson v. Coley & Wilson, 59 S.W.2d 445 (Tex.Civ. App. Waco 1933, no writ). One cannot recover on a different right from that asserted, it matters not what the prayer may be. Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931 (Tex.Comm'n App.1935, opin. adpt.); Verschoyle v. Holifield, 132 Tex. 516, 123 S.W.2d 878 (Tex. Comm'n App.1939, opin. adpt.). The pleadings and the evidence must correspond. Safety Casualty Co. v. Wright, 160 S.W.2d 238 (Tex.1942); Bethea v. Lockhart, 127 S.W.2d 1029 (Tex.Civ.App. San Antonio 1939, writ ref'd); Southern Underwriters v. West, 126 S.W.2d 510 (Tex.Civ.App. San Antonio 1939, writ ref'd); Traders' & General Ins. Co. v. Low, 74 S.W.2d 122 (Tex.Civ.App. Amarillo 1934, writ ref'd). In Ellzey v. Allen, 172 S.W.2d 703 (Tex. Civ.App. Amarillo 1943, writ dism'd) suit was for a partnership accounting and for a one-half interest in certain land. At the close of their case plaintiffs announced that they had not made a case on the accounting and land issues, but requested and secured issues on certain contractual liabilities which they claimed the proof showed the defendant owed to them. Holding that an instructed verdict should have been rendered against plaintiffs, the court said:

> "There was no prayer for contractual relief and no alternative pleading nor alternative prayer in the pleadings."

> \* \* \* \* \* \*

> "An allegation of fact for one expressed purpose will not put such facts in issue for another entirely different purpose and a plaintiff can recover only in the right in which he sues and upon facts stated in his pleadings as the basis of that right."

Likewise, in this case, allegations that appellee sold goods to appellant will not support proof that appellant contracted to pay the premiums for insurance policies sold to third parties.

There was no trial by consent in this case. Harkey v. Texas Employers' Ins. Ass'n., 146 Tex. 504, 208 S.W.2d 919 (1948). The appellant consistently objected to evidence on the contractual theory. She moved for an instructed verdict at the close of appellee's case. She objected to the submission of the issues to the jury. The fact that she attempted to combat the unauthorized evidence as best she could when it was admitted over her objections does not amount to trial by consent. Valley Ready-Mix Concrete Co. of McAllen v. Valley State Bank, 227 S.W.2d 231 (Tex. Civ.App. San Antonio 1950, no writ). Although appellant filed an answer and cross-action in which she alleged that she was the agent of appellee and that she had paid all amounts which she owed it, these allegations pertained to monies actually *collected* by appellant, a portion of which she was to remit to appellee, and it cannot be said that they joined issue on the contractual theory appellee attempted to prove. Neither did appellant's failure to except to appellee's pleadings amount to a waiver.

The provisions of Rule 90, Tex.R.Civ.P. had no application here. *Defectiveness* of the pleadings was not the issue. Appellee simply failed to prove what was alleged. Harkey v. Texas Employers' Ins. Ass'n, supra.

Appellant had a right to assume that the case made by the pleadings was the case, and the only one, she was called upon to defend. Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 (1954). As the appellee's evidence tended to prove an entirely different cause of action from that pleaded, appellant's motion for instructed verdict should have been granted. As to appellant's cross-action, the evidence introduced in support of it, even if undisputed, was from appellant herself and therefore only served to raise a fact issue which the jury resolved against her. The judgment of the trial court is therefore reversed and judgment is here rendered that appellee take nothing by its suit and that appellant take nothing by her cross-action. Appellant's other points are not reached.

Reversed and rendered.