**W. Vincent MURPHY, et al., Appellants,**

v.

**WILLIAMS–DWYER COMPANY,
Appellee.**

**No. 2–83–031–CV.**

Court of Appeals of Texas,
Fort Worth.

July 27, 1983.

R. Allen Jones, Russell, Tate & Gowan, Wichita Falls, for appellants.

Roy T. Sparkman, Sparkman & Cantrell, Wichita Falls, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted on a suit on a sworn account.

In the original petition, appellee, Williams-Dwyer Company, alleged it sold to the appellants, W. Vincent Murphy, et al., insurance for the use and benefit of the appellants. Appellants urge that the trial court erred in granting the summary judgment for the following reasons:

(1) the pleadings and affidavit submitted in support of the motion were insufficient to support the judgment;

(2) there was insufficient evidence to support the judgment;

(3) there were genuine issues of material fact as to the sufficiency of the original petition under TEX.R.CIV.P. 185;

(4) there were genuine issues of material fact as to the justness and trueness of the account attached to the original petition;

(5) there were genuine issues of material fact as to the reasonableness of the attorney's fees; and

(6) there was insufficient evidence to support a grant of attorney's fees in the summary judgment.

We reverse and remand.

In October of 1982, appellee filed its original petition against four named defendants. They were W. Vincent Murphy and Murphy Acceptance Corporation, appellants herein, and Dale Murphy and Murphy Brothers Chevrolet Co., Inc. Dale Murphy and Murphy Brothers Chevrolet Co., Inc. filed pleas of privilege and general denials and appellants herein filed general denials in the cause. Appellee moved for summary judgment based upon the pleadings and upon an affidavit for attorney's fees and the court below granted the motion for summary judgment in January, 1983, severing out the claims against Dale Murphy and Murphy Brothers Chevrolet Co., Inc. The judgment from the court below is based solely upon the petition and supporting affidavits on file in the cause of action for breach of contract in the nature of a sworn account. This cause must, therefore, be decided solely upon the requirements of Tex.R.Civ.P. 185.

■ Appellants challenge the sufficiency of the affidavit and of the supporting exhibits to the petition, which set out the accounts sued upon. It is easy to determine that the suit is for recovery of insurance premiums, and it is unquestioned that a suit for such recovery may be brought as a sworn account. *See Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d 242 (Tex.Civ.App.—Texarkana 1975, no writ). Both appellants and appellee have cited this case for the general principle set out above. We have carefully reviewed that case and the requirements of rule 185 and agree that the correct proposition is as stated in the *Hollingsworth* case.

What is not cited by appellee in this instance is the remainder of the sentence relied upon by most authorities in quoting the *Hollingsworth* case. The correct quotation from *Hollingsworth* is as follows:

But the contract must be for the items of liability specified in Rule 185. It is also true that a suit for insurance premiums may be brought as a sworn account, *if it is for the recovery of premiums on policies sold by the plaintiff to the defendant.*

*Hollingsworth, supra,* at 245.

The court in *Hollingsworth* goes on to provide "That is not the case here. Appellee did not seek to recover premiums on policies sold to the appellant, but on those *sold to third parties." Hollingsworth, supra,* at 245. A careful reading of the affidavit and of the exhibits attached to the original petition in this suit on sworn account reveals that we have the same problem which was faced by the Texarkana court in *Hollingsworth.* It is not possible to determine by reading the exhibits whether or not the insurance premiums furnished were for the use of the defendants in the case below or whether they were for the benefit of some third party and the defendants were obligated in some fashion to pay the premiums for those third parties. Here there are names included within the exhibits, such as *Megargel Drlg., T.S. Lamb, Ken Ellis, Kurek,* and other notations. It is not possible to tell if these notations indicate if the goods and services were sold to third

parties, rather than to appellants. As we are not able to determine specifically whether or not the action is solely a sworn account on a contract between the debtor and creditor alone, we conclude that the cause of action which appellee attempted to sustain by its evidence was not entirely an action on a sworn account within the meaning of rule 185. *Hollingsworth, supra.*

The substance of appellants' arguments is that, inasmuch as the accounts attached to the petition in the form of exhibits are not set out in the form required by rule 185, appellants' were not required to answer in the form required by the rule. We agree. It might be possible to reform the judgment of the court below by this court subtracting from the judgment awarded those amounts which appeared to be charges to third parties, but that would still leave this court with a determination as to whether or not the form of the exhibit is proper.

 Rule 185 provides that an action founded upon an open account (which this appears to be) for goods, wares and merchandise on which a systematic record has been kept, shall be considered prima facie evidence of the debt if supported by an affidavit of the party to the effect that the claim is within the knowledge of the affiant, just and true, due, and that all just and lawful offsets payments and credits have been allowed. To rebut this prima facie evidence the opposing party must file a written denial, under oath, as to any portion which is not due, in whole or in part, or is not true. The account must show with reasonable certainty the name, date, and charge for each item. *Rudi's Automotive Corporation v. Heeth,* 509 S.W.2d 428 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ).

The exhibits simply fail to show with reasonable certainty the nature of each item sold, the date of the sale itself, and the reasonable charge therefor. Having failed in this, the appellee did not establish a prima facie case warranting a summary judgment. *Unit, Inc. v. Ten Eyck-Shaw, Inc.,* 524 S.W.2d 330 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.). Having failed to establish their prima facie case, a general denial, filed by the appellants, put into issue all material facts in regard to appellee's allegations of the account owing for insurance or other charges. Appellee failed then to offer proof that as a matter of law there was no genuine issue of fact as to one or more of the essential elements to his cause of action, which was, in fact, a cause of action based upon contract. *Unit, Inc., supra.*

The order of the court below granting summary judgment against W. Vincent Murphy and Murphy Acceptance Corporation is reversed and the cause remanded to that court for trial.