Dennis BEALL, Appellant,

v.

Mark McCARTER, Individually and
d/b/a Mark McCarter Insurance
and Investments, Appellee.

No. 2–84–186–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 20, 1985.

True & McLain and James W. Reed and
Frank E. McLain, Dallas, for appellant.

Ungerman, Hill, Angrist, Dolginoff &
Vickers and Robert F. Jones, Jr., Fort
Worth, for appellee.

Before FENDER, C.J., and BURDOCK
and GRAY, JJ.

OPINION

GRAY, Justice.

This is an appeal from a judgment based
on a suit originally filed on a sworn ac-
count but tried, by implied consent, as a
contract matter.

We reform the judgment and affirm the
trial court.

Appellant Beall had been an insurance salesman for appellee and operated as an independent contractor. Policies sold by appellant were turned over to appellee, and appellant would receive a commission. Appellee would, in turn, give the policy to the underwriting company, National Health Insurance Corporation of Dallas, and appellee would receive a commission. If the policy was rejected by the underwriting company or if the policyholder cancelled the policy, then premiums paid but not yet earned would be refunded to the policyholder by the underwriting company. The underwriting company would then recover the commissions paid to both appellant and appellee by simply deducting the amount from commissions due to appellee. Appellee would then recover the commissions paid to appellant by deducting the amount from commissions due to appellant.

The contract between appellant and appellee required appellant to deposit $5,000.00 into a reserve fund to be used for the purpose of absorbing refunds owed by appellant in the event appellant was no longer working for appellee. If the refunds owed by appellant exceeded the amount of the reserve fund, the contract provided that appellant was obligated to pay appellee the difference.

The appellant left appellee's employ and the reserve fund had $10,941.24 less than the amount needed to cover all the refunds on policies sold by appellant. Appellee demanded reimbursement from appellant without success. Appellee then filed a petition alleging the existence of a sworn account which was unpaid. The appellant filed a sworn denial.

At trial, the only testimony was given by the accountant for appellee. The accountant testified to the existence of the contract mentioned above and to the fact that appellant had not performed under the contract. The contract itself was admitted into the evidence as were the accountant's business records pertaining to the contract. The appellee then rested.

The appellant rested without cross-examining the appellee's witness and without putting on any evidence of his own. The appellant then moved for judgment on the basis that appellee had not proven his cause of action.

One week after trial, appellant sent a letter to the judge, directing his attention to the case of *Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d 242, 245 (Tex.Civ.App.—Texarkana 1975, no writ), which held that "a suit for insurance premiums may be brought as a sworn account, *if it is for the recovery of premiums on policies sold by the plaintiff to the defendant*", but not if it is for the recovery of premiums on policies sold by defendant to third parties on behalf of the plaintiff. The appellant's letter to the judge pointed out that appellant's duty to reimburse appellee existed by virtue of a "special contract" between them, which fell outside the scope of sworn account.

The trial judge found that the case was tried by implied consent as a sworn account because there was no objection from the appellant. He further found that the appellant had failed to raise the defense of special contract until a week after trial and had, therefore, waived it. Judgment was then rendered for the appellee based on a sworn account.

In point of error number one, appellant again raises the issue of special contract and asserts that it was not waived at trial because it was the appellee's duty to request a trial amendment pleading special contract as a theory of recovery.

We agree with the trial judge that the issue of special contract was waived. However, we disagree that the case was tried by implied consent *as a sworn account*. We believe that the case was tried by implied consent *as a special contract*, which caused the failure to plead special contract to be waived as a defense. The trial judge misapplied the concept of trial by implied consent under TEX.R.CIV.P. 67. Rule 67 does not breathe legitimacy into an illegitimate cause of action which is pled. Rather, it forgives the failure to plead a

legitimate cause of action which is proven without objection.

In *Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d at 244, the defendant continually objected to proof of a special contract since such a cause of action had not been pled. On that basis, the defendant in that case was entitled to judgment. In the case at hand, the appellant did not so object, and we hold that he was not entitled to judgment, assuming that appellee proved all the elements of a special contract.

The appellant's first point of error is, therefore, overruled with the caveat that the trial court rendered judgment for the correct party but on an incorrect theory.

 In point of error number two, appellant claims that even if the special contract was tried by implied consent, there was no evidence that the contract was breached or that appellee suffered any damage. We disagree.

The evidence shows that the parties entered into a contract (a copy of the contract was in evidence), that appellant agreed to maintain a fund for the purpose of refunding premiums paid on policies sold by appellant but subsequently cancelled, that appellant agreed to reimburse appellee for refunds not covered by the reserve fund, and that appellant did not perform even after demand. The appellee therefore proved a breach of contract.

As for damages, the accountant for appellee testified as to the exact amount of the arrearage in the appellant's reserve fund. The accountant testified that appellee reimbursed the underwriting company for the full amount of appellant's debt, and had suffered a loss to the extent of the arrearage. We, therefore, hold that the appellee proved all the elements of a contract cause of action, even though he pled the elements of a sworn account cause of action. We overrule point of error number two.

When a plaintiff pleads a set of facts which, as a matter of law, would not entitle him to judgment and when he proves that same set of facts, the case has been tried on a wrong theory. We acknowledge that when a case is tried on a wrong theory, the proper disposition of the case on appeal is to reverse and remand for a new trial on a set of facts which, if proven, would entitle the plaintiff to judgment. *West Texas Equipment Company v. Walker*, 417 S.W.2d 864, 870 (Tex.Civ. App.—Amarillo 1967, writ ref'd n.r.e.).

However, we are not going to remand this case. The appellee pled a set of facts which, as a matter of law, did not entitle him to judgment, but he proved a set of facts, without objection, which did entitle him to judgment. Therefore, we hold that the proper disposition of this case is to void the judgment of the trial court which was rendered for appellee on the theory pled, and to render judgment for appellee on the theory which was proven.

The judgment of the trial court based on sworn account is hereby voided. We render judgment for appellee based upon breach of contract in the amount of $10,941.24, principal, $1,550.06, interest, and $1,000.00, attorney's fees.