cv5-156.dd.hubco 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00156-CV







Hubco, Inc., Appellant



v.



Young Brothers, Inc., Contractors, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 142,674-C, HONORABLE STANTON B. PEMBERTON, JUDGE PRESIDING







PER CURIAM


 Hubco, Inc. appeals the trial-court's judgment that it owes $16,400 plus interest
and $1,500 in attorney's fees to Young Brothers, Inc., Contractors on a road-construction
contract. After a bench trial, the court rejected Hubco's contention that it actually overpaid the
contract price by almost $20,000. Hubco contends by seven points of error that the pleadings and
evidence do not support the judgment for Young Brothers. We will affirm the judgment.



BACKGROUND (1)


 This suit arises from Hubco's refusal to pay all amounts demanded by Young
Brothers. Hubco outbid Young Brothers for a contract with the State to perform roadwork in
Temple. Young Brothers then subcontracted to apply microsealant to the road surface. The
Hubco-Young Brothers contract ("the contract") had a chart like the following:



Item Description Appx. Qty. Unit Unit Price Total


3694 001 Slurry Seal GR2 2567 ton $32 $82144.00



(The "Total" equals the approximate quantity multiplied by the unit price.) The contract stated
that Young Brothers would supply labor and equipment. Young Brothers agreed to set traffic
cones if necessary, furnish and install abbreviated pavement markings, and reimburse Hubco for
all costs incurred by Young Brothers' delay. Hubco was to pay for all materials and traffic
control as well as reimburse Young Brothers for materials it purchased. Hubco was required to
furnish a changeable message board and interior barricades needed for lane closures. The Young
Brothers-Hubco contract did not specify when work would begin or must end; Young Brothers'
president testified that he knew from the bidding process for the State contract that Hubco had
contracted with the State to finish the job in thirty working days.

 Young Brothers did not start work when it planned because Hubco's microsealant
failed its initial highway-department inspection. Young Brothers had assumed the microsealant
was approved and moved its equipment onto the Bell County site in late July or early August. 
After idling a few days, Young Brothers took its equipment briefly to a job in nearby Waco, then
returned to Bell County. A few days later, upon learning that the Waco district office planned
to retest the sample (which would take more than a week), Young Brothers moved its equipment
to Abilene to do a six-week job. Two days after the move, the Waco district office adopted the
Austin district's laboratory's approval of the microsealant sample.

 Young Brothers returned to Bell County in early October, after the end of the
traditional paving season. It finished applying microsealant in December and finished cleanup
operations in January. Young Brothers sent invoices to Hubco for $121,491.10.

 Hubco paid more than $102,000. Its payments equalled the billed amount less back
charges totalling $18,400; these back charges included $13,200 for message-board and barricade
costs for four months, $2,000 in liquidated damages assessed by the State for four days' lateness,
and $3,200 for extended supervision of the project.

 Young Brothers sued for the back-charged $18,400. The relevant paragraphs of
Young Brothers' petition provided as follows:



2.01 Plaintiff and defendant entered into an express agreement on June 12, 1991
whereby parties agreed that plaintiff would provide labor and equipment to
slurry seal the north and south bound lanes . . . . All other expenses, except
traffic cones were to be paid by [Hubco] or reimbursed to [Young Brothers].


2.02 The goods or services furnished to [Hubco] were of a type and quality as
required by [Hubco] for the agreed price of $82,144.


2.03 A true and correct copy of the written agreement is attached as Exhibit "A"
and incorporated by reference to this petition as if fully recited at length.


. . .



3.01 Plaintiff has fully performed his obligations to the defendant.


. . .



4.01 Pursuant to the express agreement of the parties, [Hubco] was obligated to
pay to [Young Brothers] as follows: $82,144.00 per estimates delivered
each month as work progressed until paid in full. [Hubco] has breached the
agreement by failing to pay the above stated monies to [Young Brothers].


4.02 The unpaid balance and monies owed by [Hubco] to [Young Brothers] which
are past due are: $18,400.00.


. . .



5.01 [Young Brothers] has made repeated demands for payment from [Hubco] as
follows: Monthly billings to [Hubco] for each month (sic) May 1992.



Hubco did not specially except to this pleading but contended that it had overpaid the $82,144
contract price by more than $20,000. 

 At trial, Young Brothers introduced invoices showing that it had incurred several
thousand dollars of extra charges for traffic controls (barricades, pavement marks, and message
boards) and additional materials (cement, additives, and 486.79 tons more microsealant than
estimated in the contract). Young Brothers argued that the charges were not its fault and that
Hubco could have avoided the sign costs by returning them to the sign company. Hubco
contended that it incurred the charges because Young Brothers left the site and finished later than
contemplated in the State-Hubco contract. Hubco contended that, had it returned the signs, it
might not have been able to retrieve them when Young Brothers showed up; Hubco officials said
they feared that Young Brothers again would move to another job if the signs were absent. Young
Brothers' failure to give Hubco any idea when it would return heightened the risk. 

 The court awarded Young Brothers $16,400 and, upon request, made findings of
fact and conclusions of law. The court found the contract existed, that it called for a per-unit
payment with an approximate quantity stated, that the units of work exceeded the estimates, that
Young Brothers worked four days too long, that Young Brothers billed Hubco for work and
materials, and that Hubco paid all billed amounts except the $18,400 back-charged in the letter. 
The court also found that the contract required Hubco to pay for barricades and message boards. 
The court found that the contract's only time restriction was the understanding that Young
Brothers would bear any liquidated damages imposed by the State against Hubco for lateness
caused by Young Brothers in performance of the State-Hubco contract. The court found that
Young Brothers satisfactorily completed the project four days late. The judgment amount of
$16,400 equalled the $18,400 in back-charges less the $2,000 in liquidated damages the State
charged against Hubco for lateness.



DISCUSSION


 Hubco's appeal leans heavily on a narrow reading of Young Brothers' petition that
restricts Young Brothers to recovering on a contract for $82,144. Hubco contends by point one
that the pleadings did not support the judgment, by point two that they did not raise the necessary
facts to support the judgment, and by point four that they did not support the court's finding that
the contract called for work on a per-unit basis.

 We must construe pleadings to do substantial justice. Tex. R. Civ. P. 45(d). 
Pleadings must give fair notice to the opposition of the facts upon which the pleader relies. Roark
v. Allen, 633 S.W.2d 804, 810 (Tex. 1982). In the absence of special exceptions, courts must
construe a petition liberally in favor of the pleader. Id. at 809. Courts will look to the pleader's
intent, supply all reasonable inferences, and uphold the pleading even if some element of a cause
of action has not been specifically alleged. Id. A plaintiff must recover on the contract alleged
and, if a different contract is proved, will lose unless the proven contract is tried by consent. 
Hollingsworth v. Northwestern Nat'l Ins. Co., 522 S.W.2d 242, 246 (Tex. Civ. App.--Texarkana
1975, no writ).

 The petition here, while not ideal, supplied the basic elements to support the
judgment. When a cause of action is based on breach of contract, the plaintiff must show that a
contract existed between the parties, that the contract created duties, that the defendant breached
a duty under the contract, and that the plaintiff sustained damages as a result. Snyder v. Eanes
Indep. Sch. Dist., 860 S.W.2d 692, 695 (Tex.App.-Austin 1993, writ denied). Young Brothers
plainly alleged each of these elements and the judgment awarded less than the demanded $18,400.

 We reject Hubco's plea for a narrow reading of the petition. The petition did not
limit Young Brothers' total reimbursement under the contract to $82,144. Paragraph 2.01 showed
that the agreement provided for payments in addition to those for microsealant. Paragraph 4.01
came closest to such a restriction; the "per estimates delivered" language, however, gave the court
latitude to interpret the petition and contract as describing a per-unit contract. The incorporation
and attachment of the contract to the petition clinches the rejection of Hubco's plea because, as
discussed next, reasonably competent counsel would not interpret the contract as calling for a
lump sum of $82,144.

 In the context of this litigation, the petition definitely gave Hubco sufficient notice
of the basis of the suit. One commentator suggests that notice is obtained not merely from the
pleadings but from discovery as well. See 2 Texas Civil Practice, § 7.4(b), at 130 (Alois V.
Gross ed., 1992 ed.). With the contract attached to the petition, Hubco needed no discovery to
learn the terms of the contract. Reasonably competent counsel for Hubco would recognize that
the contract, printed on Hubco stationery, did not limit the total price to $82,144. The contract
listed an approximate quantity of microsealant and set a per-unit price on the microsealant. It also
stated that Hubco was to provide all materials and reimburse Young Brothers for all materials
purchases; nowhere did the contract limit the total reimbursals to the $82,144 in the microsealant
estimate. Such counsel also would know that Hubco acted accordingly, paying on all invoices
including those specifying a per-unit charge on microsealant use exceeding the estimated amount
in the contract. Reasonably competent counsel for Hubco would know that the disputed $18,400
arose, not from excessive microsealant use, but from costs Hubco attributed in its back-charge
letter to Young Brothers' delay in completing the project. Hubco's counsel, showing such
competence, itemized the $18,400 amount in Hubco's first amended answer using the amounts
specified in Hubco's back-charge letter. Hubco filed its amended answer on August 31, 1993. 
Hubco thus knew the basis of Young Brothers' claim more than fourteen months before the trial. 
We overrule points one, two, and four.

 Hubco also challenges the evidentiary basis for the judgment. It contends by point
three that the facts necessary to sustain the judgment were not supported in the evidence and by
point five that the evidence did not support the court's finding that the contract called for work
on a per-unit basis. We interpret these as challenges to the factual sufficiency of the evidence
supporting the findings and judgment. We apply the same standards to review of the findings of
fact as we would to a jury's findings. See Zieben v. Platt, 786 S.W.2d 797, 799 (Tex.
App.--Houston [14th Dist.] 1990, no writ). To review a factual sufficiency point, we must review
and weigh all the evidence. Plas-Tex, Inc. v. United States Steel Corp., 772 S.W.2d 442, 445
(Tex. 1989). We may set the judgment aside only if the favorable evidence is so weak as to
render the judgment clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986).

 Factually sufficient evidence supported the essential findings. The contract
provided evidence of its terms, testimony provided evidence of Young Brothers' satisfactory but
slightly tardy performance, and the invoices and checks provided evidence of Hubco's partial
payment; no evidence supported Hubco's claim that the contract was for a lump sum of $82,144. 
The back-charge letter provided evidence of the nature of the dispute. The contract clearly
burdened Hubco with the cost of the barricades and message board. Testimony established that
Hubco back-charged $3,200 for the five days a month spent by a Hubco employee trying to get
Young Brothers to finish the job; Young Brothers proved that the contract that did not entitle
Hubco to such a recovery. A letter from the State substantiated Hubco's claim that the State had
assessed $2,000 in liquidated damages against Hubco for lateness. We overrule points three and
five.

 By point six, Hubco attacks as against the great weight of the evidence the finding
that Young Brothers exceeded the time required to complete the project by four days. The State's
summary of the Hubco-State contract, introduced by Hubco, showed that Hubco took five working
days longer than the State allotted; though the contract originally called for completion within
thirty days, the State added eight days for unforeseen circumstances. (The State focused on
working days rather than total calendar days.) The State therefore assessed liquidated damages
for only five days at $400 per day. Though the court here found Young Brothers only four days
late, it disallowed Young Brothers' claim to the entire $2,000 that Hubco deducted for the
liquidated damages charge. Hubco has shown no harm. We overrule point six.

 Hubco contends by point seven that the court erred in granting judgment to Young
Brothers because Hubco pled and conclusively proved payment, accord, and satisfaction of the
pleaded contract. This point relies entirely on the Hubco's proposed restrictive reading of the
pleading that we have rejected. We overrule point seven.

 We affirm the judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: January 31, 1996

Do Not Publish

1.   Because Young Brothers failed to file a brief, we may accept any statement about
the facts of the case Hubco made in its brief. Tex. R. App. P. 74(f).


on the microsealant. It also
stated that Hubco was to provide all materials and reimburse Young Brothers for all materials
purchases; nowhere did the contract limit the total reimbursals to the $82,144 in the microsealant
estimate. Such counsel also would know that Hubco acted accordingly, paying on all invoices
including those specifying a per-unit charge on microsealant use exceeding the estimated amount
in the contract. Reasonably competent counsel for Hubco would know that the disputed $18,400
arose, not from excessive microsealant use, but from costs Hubco attributed in its back-charge
letter to Young Brothers' delay in completing the project. Hubco's counsel, showing such
competence, itemized the $18,400 amount in Hubco's first amended answer using the amounts
specified in Hubco's back-charge lett